WILLIAM MURRAY *et al. v.* THE CITY OF VIRGINIA,

and

THE CITY OF VIRGINIA *v.* DANIEL MITCHELL *et al.*

1. BOUNDARIES *of cities and villages—extending the same to embrace contiguous lands—construction of a special charter.* Where an incorporated town, embracing about forty acres nearly in the center of a section of land, had its boundaries extended by a special charter so as to include one mile square, which charter provided that "whenever a tract of land adjoining said town" should "be at any time laid off or sub-divided into town lots and recorded as an addition to said town, such tract" should become a part of said town and within the corporate limits thereof, and subject to all the provisions of the act, it was *held* that the words "land adjoining" meant land adjoining the town as incorporated by the charter, and were not confined to an addition to the original town plat within the square mile.

2. Where the charter of a town fixing its boundaries one mile square and providing that any addition thereto, when the plat should be recorded, should become a part of the town and within its corporate limits, and subject to all the provisions of the act, further provided that the territory of the town, as fixed by the act, should be an election precinct and school district for the purposes of the act, and for no other purpose, it was *held*, that when an addition was made, the new territory was within the corporate limits for voting and school purposes.

3. SAME—*mode of annexing territory under general law.* Under the general law relating to cities and villages, contiguous territory may be annexed thereto by ordinance and filing a copy of the ordinance, with a map of the territory annexed, in the office of the recorder of deeds and having the same recorded. Without such ordinance no territory can be annexed. The approval of a plat of an addition by the council and granting a permit to record the same, will not be sufficient to bring the addition within the corporate limits.

APPEAL from the County Court of Cass county; the Hon. J. W. REARICK, Judge, presiding.

This was an application by the collector for judgment against certain lots in Petefish's and in Beers' additions to the city of Virginia, for the taxes due thereon for the year 1877. All the taxes were tendered except the city taxes, the payment of which was resisted on the ground that said lots were not within the corporate limits of the city, and, consequently, not subject to taxation by the city. The court found the lands in Petefish's addition subject to the tax, and rendered judgment for the same, but sustained the objection as to the lots in Beers' addition. The city appealed as to the lots in the latter addition, and Murray and others as to the lots in the first named addition.

Messrs. KETCHAM & GRIDLEY, for the objectors.

Mr. GEORGE L. WARLOW, for the City of Virginia.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The question here presented is, whether Petefish's addition and Beers' addition to the city of Virginia are a part of the city of Virginia and within the corporate limits thereof, so that the lots in said additions are the subject of taxation by the city.

The following provisions appear in the charter of 1857 of the town of Virginia. Private Laws 1857, p. 1443:

" Sec. 2. The boundaries of said town of Virginia shall include one square mile of territory, the center of which shall be a point in the center of Morgan street equi-distant between Beardstown and Springfield streets, as said streets are laid down on the recorded plat of the original town of Virginia and of the first addition thereto, and the boundary lines of said town of Virginia as hereby incorporated shall run and be parallel with the boundary lines of said original town; and whenever a tract of land adjoining said town shall be at any

time laid off or sub-divided into town lots and recorded as an addition to said town, such tract shall become, and be from the time of recording the same by the recorder of Cass county, a part of said town and within the corporate limits thereof, and subject to all the provisions of this act."

" Sec. 33.   The territory within the limits of the corporation of the town of Virginia, as fixed by this act, is hereby declared to be an election precinct and a school district for the purposes of this act, and for no other purpose."

The addition of Petefish was laid out as an addition to the town and duly recorded March 29, 1872, while Virginia was acting under the charter of 1857, a part of which addition lay within and a part without the corporation line of the town as designated in the charter of 1857.   The question respects only that part of the addition without said corporation line.

The original town of Virginia embraced about 40 acres lying nearly in the center of the 640 acres designated in the charter of 1857 as the corporation of Virginia.   It is contended that the language of the charter stating that when a tract of land adjoining said town shall be laid off into an addition, it shall become a part of the town, means whenever a tract is thus laid off which lies adjoining the original town, but within the square mile described in the charter of Virginia; that otherwise the owners of lots without the square mile would be taxed for city purposes and at the same time be deprived of the right to vote or have the benefit of school privileges, as, by section 33, the territory fixed by the act—the square mile—is declared to be an election and school district.

There is no warrant for such a construction.   As one square mile of territory was included in the charter of Virginia and defined by boundaries, when the words "land adjoining" were used, they meant land adjoining said town incorporated by the charter as designated by its boundaries.

The supposed consequence of such an interpretation in respect of school and voting privileges does not, as we conceive, result.   Whenever an addition to the town was made in ac-

cordance with section 2, it became "a part of said town and within the corporate limits thereof, and subject to all the provisions of this act." It would then be territory within the limits of the corporation of the town as fixed by the act, and come within the purview of section 33.

Beers' addition was made since the city became incorporated under the general law, and is governed by the provision of that law respecting the annexing of territory to cities, towns and villages. Rev. Stat. 1874, p. 244, § 195. It is thereby, among other things, provided that the city council or board of trustees of any city or incorporated village or town may, by ordinance, annex contiguous territory thereto upon filing a copy of the ordinance, with a map of the territory annexed, in the office of the recorder of deeds of the proper county and having the same recorded therein. A plat of Beers' addition was presented to the city council of Virginia by the owners, asking that the city council permit the plat to be recorded, which request was granted by the city council and the plat approved, but no ordinance of annexation was ever passed. Such ordinance is essential, and without it Beers' addition is not legally a part of the city of Virginia, and is not subject to taxation by it.

The judgment of the county court was comformable with what is here expressed, and it is affirmed.

*Judgment affirmed.*