(No. 11117.—Judgment affirmed.)

THE PEOPLE *ex rel.* Joseph Rice, County Collector, Appellee, *vs.* ELIZABETH McKINNIE, Appellant.

*Opinion filed February 21, 1917—Rehearing denied April 5, 1917.*

1. SPECIAL ASSESSMENTS—*when question whether lands have been legally annexed to a city cannot be raised on application for judgment for taxes.* Except as to the first attempt by a city to exercise its franchise the question whether lands over which the franchise is being exercised have been legally annexed to the city can not be raised on application for judgment for taxes or a delinquent special assessment but only in a proceeding by *quo warranto* in the name of the People, in which a judgment will be conclusive and binding upon all. (*People* v. *Hausen,* 276 Ill. 204, distinguished.)

2. SAME—*what misdescription of land assessed will not deprive court of jurisdiction.* Where land specially assessed lies in an addition known as "Barley & Pfitzenmeyer's East Park addition," the omission of the words "East Park" from the description of the land will not deprive the court of jurisdiction of an application for judgment for the assessment, where there is no evidence that there is any other addition of that name or that the land could not be found by a surveyor having such description as a guide.

APPEAL from the County Court of McLean county; the Hon. JAMES C. RILEY, Judge, presiding.

DeMANGE, GILLESPIE & DeMANGE, for appellant.

LESLIE J. OWEN, City Attorney, and BARRY & MORRIS-SEY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This appeal is from a judgment of the county court of McLean county, entered on the application of the county collector for a special assessment levied by the city of Le-Roy upon lands of the appellant, Elizabeth McKinnie.

The appellant in eight objections stated, in varying language, that her lands were not within the corporate limits of the city of LeRoy, and therefore the city had no jurisdiction to levy a special assessment thereon. On June 13, 1904, Frank C. Barley and Hugo Pfitzenmeyer presented to the city council a plat of land adjoining the city of Le-Roy, and the council approved the plat and passed a resolution including the lands described in the plat within the corporate limits of the city. On June 15, 1904, the plat was recorded, with a certificate of the mayor and city clerk that it had been approved by the city council. From that time to the present the city has exercised its corporate powers over the lands included in the plat by lighting the streets and improving the same. It has graded the streets and put in a lateral sewer connecting with the city sewer system by special assessment on appellant's lands, which she paid. The city was exercising its franchise as a city over the lands in the addition, and the question whether the lands had been legally annexed could not be raised in the application for judgment for the special assessment. Such a question can only be tried in a proceeding by *quo warranto* in the name of the people, in which a judgment will be conclusive and binding upon all. (*People* v. *Newberry*, 87 Ill. 41; *Osborn* v. *People*, 103 id. 224; *People* v. *Dyer*, 205 id. 575; *People* v. *Ellis*, 253 id. 369; *West Chicago*

*Park Comrs.* v. *Sweet,* 167 id. 326; *People* v. *Pederson,* 220 id. 554; *Ogle* v. *City of Belleville,* 238 id. 389; *People* v. *York,* 247 id. 591.) In *People* v. *Hausen,* 276 Ill. 204, an ordinance purporting to annex the additions was passed April 5, 1915, and the tax levy ordinance was passed August 3, 1915. The collection of that tax was the first attempt to extend the franchise over the additions, and there being no question of a *de facto* corporation including the additions, the objectors had a right to resist the attempt to include their property in the village. In *Murray* v. *City of Virginia,* 91 Ill. 558, the question whether the legality of annexations of territory over which a city is exercising its franchises can be raised on application for judgment for taxes was not mentioned in brief or argument or by the court, but the situation was the same as in the *Hausen case, supra.* Beers' Cheston Hill addition to Virginia was platted in 1876, and the city council approved the plats. A tax was levied in 1877, and that was the first effort to exercise the corporate franchise over the territory. The lot owners objected, as they lawfully might.

A further objection was that the lands of the appellant were misdescribed, and therefore the court had no jurisdiction in this proceeding. They were described as being in Barley & Pfitzenmeyer's addition to LeRoy, while the complete name of the addition was Barley & Pfitzenmeyer's East Park addition to LeRoy. The omission of the words "East Park" did not bring the case within the rule of *People* v. *Dragstran,* 100 Ill. 286, *People* v. *Eggers,* 164 id. 515, *Nicholes* v. *People,* 165 id. 502, or *Hook* v. *People,* 177 id. 632, in which the descriptions applied to different tracts and there was no way to determine which, or there were no tracts in existence answering the descriptions given. There was no evidence that there was any other addition known as Barley & Pfitzenmeyer's, and nothing to indicate that a surveyor, having this name as a guide, could not find the premises, and as the appellant had entered her general

appearance there was no error in permitting the amendment of the description which was made. *People* v. *Green*, 158 Ill. 594.

The judgment is affirmed.　　*Judgment affirmed.*

---

(No. 11114.—Judgment affirmed.)
THE PEOPLE *ex rel.* Joseph Rice, County Collector, Appellee, *vs.* PRUDENCE RUTLEDGE, Appellant.

*Opinion filed February 21, 1917—Rehearing denied April 5, 1917.*

This case is controlled by the decision in *People* v. *McKinnie*, (*ante*, p. 342.)

APPEAL from the County Court of McLean county; the Hon. JAMES C. RILEY, Judge, presiding.

DEMANGE, GILLESPIE & DEMANGE, for appellant.

LESLIE J. OWEN, City Attorney, and BARRY & MORRISSEY, for appellee.