(No. 11663.—Reversed in part.)

THE PEOPLE *ex rel.* Josiah Jourdan, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 19, 1917.*

1. TAXES—*what a sufficient showing that damages for ditching to drain roads have been agreed upon.* Proof that damages have been agreed upon for the purpose of changing the channel of a certain stream to protect the road and a bridge across the stream is a sufficient showing to support a levy under section 58 of the Roads and Bridges act.

2. SAME—*effect where two high school districts tax same land.* Where two high school districts have taxed the same land of a railroad company, each claiming the same to be in its district, the court, on application by the county collector for judgment and order of sale, is authorized to deny judgment as to both districts, as it can not be determined in such proceeding which district is legally empowered to levy the tax.

3. The other question involved is controlled by the decision in *People* v. *Leigh,* (*ante,* p. 17.)

CARTWRIGHT, DUNN and DUNCAN, JJ., dissenting.

APPEAL from the County Court of Jasper county; the Hon. H. C. DAVIDSON, Judge, presiding.

GEORGE W. FITHIAN, and W. F. JOHNSON, (JOHN G. DRENNAN, of counsel,) for appellant.

WM. E. ISLEY, State's Attorney, (NEWLIN, PARKER & NEWLIN, and C. A. DAVIDSON, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Jasper county overruling objections of appellant to the judgment and order of sale of appellant's property for delinquent taxes. The taxes involved are the road and bridge tax for the town of Crooked Creek, in said county, and a high school tax in high school districts Nos. 125, 126 and 203.

Appellant insists the road and bridge tax assessed against it for damages for laying out, widening, altering or ditching to drain roads is invalid, because, as a matter of fact, no damages for the above named purposes had been agreed upon or allowed. Section 56 of the Road and Bridge act authorizes the levy of a tax for road and bridge purposes of sixty-one cents on each $100 of the assessed valuation. Section 58 authorizes a levy of not exceeding twenty cents on each $100 assessed valuation when damages have been "agreed upon, allowed or awarded for laying out, widening, altering or vacating roads or for ditching to drain roads." The proof showed a rate of seventy-two cents on the $100 assessed valuation was extended by the county clerk against appellant's property for the taxes authorized by sections 56 and 58, and that eleven cents of said rate was for taxes levied for damages under the terms of section 58. The objection made to the road and bridge tax levied under the provisions of section 58 is, that no damages had been agreed upon, allowed or awarded for laying out, widening, altering or vacating roads or for ditching to drain roads. The proof showed damages had been agreed upon for the purpose of changing the channel of the Embarras river to protect the road and a bridge crossing the river. We are of

opinion the purposes for which the damages were shown to have been agreed upon were sufficient to authorize the levy of the tax extended against appellant's property under section 58.

One objection to the school tax in high school districts 125, 126 and 203 was, that each of said high school districts was organized under the act of 1911, which was held unconstitutional in *People* v. *Weis,* 275 Ill. 581, and that the said districts were therefore void, and the members of the boards of education which levied the tax were neither *de facto* nor *de jure* officers, and for that reason the tax levies were void. This question was decided adversely to appellant's contention in *People* v. *Leigh,* (*ante,* p. 17.)

Appellant's railroad runs through sections 33 and 34, town 7, north, range 14, west of the second principal meridian. Said two sections, it is alleged in another objection, are claimed to belong to and be embraced in territory comprising high school district No. 203 and are also claimed to belong to and be embraced in the territory comprising high school district No. 125, and that both districts have unlawfully exercised the right to levy and cause to be extended taxes against appellant's property in both sections. Both high school districts could not lawfully exercise the power of levying taxes against the same property for the same purpose. (*People* v. *Militzer,* 272 Ill. 387.) If one district had the right to levy the tax the other district did not have such right, but which of the two districts acquired jurisdiction and lawful authority to levy a tax against said two sections was a collateral issue, not determinable in this proceeding. (*Trumbo* v. *People,* 75 Ill. 561; *Evans* v. *Lewis,* 121 id. 478; *People* v. *Dyer,* 205 id. 575.) It was shown on the trial that both districts had taxed the same property for the same purpose. In our opinion this was sufficient to defeat appellee's claim for judgment against the property of appellant for either high school district tax, and as to the high school tax levy by districts 203 and 125, ex-

tended against appellant's property in sections 33 and 34, the judgment is reversed. The judgment against appellant's property for the road and bridge tax is affirmed.

*Judgment reversed in part.*

CARTWRIGHT, DUNN and DUNCAN, JJ., dissenting.