(No. 19648.— ▮▮▮▮▮▮▮▮▮▮▮)

THE BOARD OF EDUCATION OF COMMUNITY HIGH SCHOOL DISTRICT No. 166 *et al.* Appellees, *vs.* BOYD THORP *et al.* Appellants.

*Opinion filed October 19, 1929.*

W. F. ELLIS, and L. R. STEWART, for appellants.

ISAAC K. LEVY, for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Complainants, as the Board of Education of Community High School District No. 166 in Jackson county, Illinois, and as tax-payers residing in said district, filed their bill on December 31, 1928, in the circuit court of Jackson county, seeking to enjoin the Board of Education of Community High School District No. 168 in said county from exercising jurisdiction and control over certain described territory in that county and from levying and collecting taxes therein for school purposes; also to restrain the county clerk of Jackson county from including said territory as a part of school district No. 168 for taxation purposes and that he be compelled to include the same as a part of school district No. 166 in extending school taxes.

The bill alleged, in substance, that an act to add sections 91a and 91b to "An act to establish and maintain a

system of free schools," as amended in 1909, (Laws of 1927, p. 839,) was passed by the General Assembly of Illinois and approved July 7, 1927; that said act purported to create an *ex-officio* board, composed of the chairman of the county board of supervisors or board of county commissioners, the county judge and county clerk, with the pretended right and authority, in its discretion, to change the boundaries of any township or community high school district so as to detach territory from one high school district and add the same to another high school district when petitioned by two-thirds of the legal voters residing within the territory described in the petition, asking that such territory be so detached and added to an adjacent high school district, or when petitioned by a majority of the legal voters of each high school district; that about January 28, 1928, there was filed with the *ex-officio* board of Jackson county a petition under said act of the General Assembly requesting that board to detach certain territory, all situated in Jackson county, from Community High School District No. 166 and add the same to Community High School District No. 168; that under the authority of said act the *ex-officio* board on April 16, 1928, had a hearing on the petition, granted the prayer thereof and ordered that the territory here involved be detached from school district No. 166 and added to school district No. 168; that on April 24, 1928, the county superintendent of schools of Jackson county filed with the county clerk thereof a map showing that said territory was detached from school district No. 166 and added to school district No. 168 in accordance with the order of the *ex-officio* board. The bill further alleged that the act of the General Assembly under which the *ex-officio* board proceeded was unconstitutional and void and that said board was without power or authority to detach the territory, and that all of the proceedings attempting to change the boundaries of said high school districts were null and void; that the county clerk

was without authority to include said territory as a part of school district No. 168 and that such territory should be restored to school district No. 166; that since the action of the *ex-officio* board the Supreme Court of the State of Illinois has held said act of the General Assembly to be unconstitutional, null and void; that the county clerk of said county threatens to include said territory for taxation purposes as a part of school district No. 168 and will continue to do so unless restrained by an order of the court, and that if he is permitted to extend such school taxes, the complainants, as well as other tax-payers of school district No. 166, will sustain irreparable injury.

Appellants filed a motion to dismiss the bill upon the ground that equity had no jurisdiction thereof. This motion was overruled by the court and appellants filed a general demurrer, which was also overruled. Appellants then filed an answer, which was later amended, admitting the exercise of jurisdiction and control by the Board of Education of Community High School District No. 168 in Jackson county over the disputed territory since the detaching thereof from school district No. 166, and alleged that the decision of the *ex-officio* board was not questioned by *quo warranto, certiorari* or otherwise prior to the filing of the bill. Appellants' answer set up that the disputed territory contains a large generating plant of the Central Illinois Public Service Company, near which, and within the disputed territory, about fifty families reside; that the distance from the high school in district No. 168 to these families is about one and a half miles over an improved highway, and that the distance from this community to the high school in district No. 166 is about seven and a half miles over a dirt road, which at times is almost impassable; that on June 8, 1928, an election was held in district No. 168, including the disputed territory annexed thereto by the *ex-officio* board, to vote on the questions of selecting a school house site, purchasing a school house

site, building a school house, and the issuance of $40,000 in bonds maturing from 1933 to 1942; that at said election all the propositions voted upon carried; that forty-five legal voters of the disputed territory participated in the election; that bonds to the amount authorized were issued, sold for value and are still outstanding in the hands of the purchasers; that the school house site was purchased and a school house is now being erected thereon. Appellants' answer as amended also averred that a part of the taxes sought to be enjoined are taxes levied by district No. 168 to pay interest on said bonds. The answer further alleged that there had been no ouster of the Board of Education of Community High School District No. 168 from the disputed territory by any legal proceeding taken on the relation of the People of the State of Illinois prior to the time of filing the bill herein, and that the taxes, the extension and collection of which were sought to be enjoined, were levied by the Board of Education of Community High School District No. 168 subsequent to the detachment of said territory from district No. 166 and prior to the filing of the bill. The answer averred that by reason of the acquiescence of appellees in the decision of the *ex-officio* board and the exercise of dominion over the disputed territory for school purposes by the Board of Education of Community High School District No. 168 complainants were barred and estopped from questioning the validity of the annexation, and also that equity has no jurisdiction of the question which of the two high school districts has taxing power over said disputed territory.

Complainants filed exceptions to defendants' answer as amended, which were sustained by the court. Defendants declined to answer further, and a decree *pro confesso* was entered granting the injunctional relief prayed. From that decree defendants have prosecuted an appeal to this court.

The bill in this case was filed by complainants, who are appellees here, after this court had filed its opinion in *Peo-*

*ple* v. *Rathje,* 333 Ill. 304, holding the act to add sections 91*a* and 91*b* to the School law of 1909 as amended unconstitutional. Appellees assert that notwithstanding the decision of the Supreme Court in holding the law under which the *ex-officio* board proceeded unconstitutional and void, the county clerk threatens to include the disputed territory for taxation purposes within school district No. 168, and that such conduct on the part of a public officer can be enjoined. Appellants contend that a proceeding in *quo warranto* was the proper remedy for appellees to have pursued, and that the court erred in denying the motion to dismiss the bill and in entering the decree for injunctional relief, because a court of equity has no jurisdiction of the question which of two high school districts has the taxing power over disputed territory.

Without question the Board of Education of Community High School District No. 168 has assumed and exercised dominion and control over the disputed territory ever since its detachment from school district No. 166. A tax levy by the board of district No. 168 was made and an election relative to school matters had been authorized and held in the entire district, including the disputed territory. The bill filed by appellees does not attack the legality of the tax levy made by the Board of Education of Community High School District No. 168, and no question is raised concerning the legal right of the county clerk to extend the school taxes in accordance with that levy. It will be observed that the county clerk of Jackson county was made a party defendant with the Board of Education of Community High School District No. 168. The bill sought to enjoin the latter from exercising jurisdiction and control over the disputed territory as well as to enjoin the extension of taxes upon property therein for school district No. 168. The decree as abstracted appears to grant relief chiefly in the matter of the extension of taxes by the county clerk. Manifestly, there would be no exten-

sion of taxes by the county clerk unless there had been a levy therefor made by the taxing body. The controversy here involved is really between the two school districts, each claiming dominion over certain disputed territory. Hence the inquiry presented involves the right, authority or power of these municipalities over the lands in dispute.

The case of *Manchester School District* v. *Murrayville School District,* 309 Ill. 403, although not identical as to facts, is quite similar in principle to the case at bar. This court said in that case: "The fundamental question involved in the case is as to the power of these districts over the land in question. It has long been settled in this State that such a question can be reached only by *quo warranto.* (*People* v. *City of Peoria,* 166 Ill. 517.) A court of equity has no jurisdiction of the subject matter of such an inquiry." (Citing cases.) In *People* v. *York,* 247 Ill. 591, this court said: "This court has held in a number of cases that the legality of proceedings by which additional territory is added to a municipality cannot be inquired into except upon a direct proceeding by *quo warranto,* and will not be determined upon a bill in equity or by objections to a tax which has been levied by the municipality upon the property in such added territory." See, also, *People* v. *McKinnie,* 277 Ill. 342, and *People* v. *Long,* 328 id. 297.

We are of opinion *quo warranto* was the proper proceeding to have been instituted, that a court of equity had no jurisdiction of the subject matter here involved, and that the court should have allowed appellants' motion to dismiss the bill.

The decree is reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*