(No. 20599.—

THE PEOPLE *ex rel.* J. H. Seiler, County Collector, Appellee,
*vs.* CHARLES CALLOWAY, Appellant.

*Opinion filed June 18, 1931.*

HOGAN & COALE, and STEVENS & HERNDON, for appellant.

HARRY B. GRUNDY, State's Attorney, and LESLIE J. TAYLOR, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

At the June term, 1930, of the county court of Christian county application was made by the county collector for judgment for school taxes of school district No. 310

against the lands of Charles Calloway, 282.12 acres. He filed the following objections: (1) There is no such school district as No. 310; (2) the levy and extension of the tax and application for judgment is a collateral attack upon Pawnee School District No. 188, in which district the property is located; (3) the extension of the tax amounts to double assessment for high school purposes, the Pawnee district having extended a tax for the past three years for high school purposes which has been paid each year, including the current year; (4) Pawnee School District No. 188 has been a high school district for more than twenty years and the objector's real estate against which the tax is extended has been a part of that district for three years, during which time taxes have been levied and extended against such district and paid for high school purposes of the Pawnee district; (5) the tax was improperly levied and extended and is therefore void; (6) the tax for other reasons is informal, improper, illegal and void.

The gist of the objections is that there is no district 310 and that the land is part of district 188. The levy and extension of the tax and application is not a collateral attack on district 188. The voluntary payment of taxes for which his land was not liable does not make the further payment of taxes for which it is liable, double taxation. The fourth objection, that the land is a part of Pawnee district No. 188, is an argumentative statement that it is not located in district 310, under which proof might be introduced. The other two objections state no fact upon which proof could be offered.

No evidence was offered to sustain the objection that there is no such district as district 310 and no claim was made that there is not. The appellant himself testified that his land is in the territory annexed to the Pawnee district and is also in the district alleged to be organized as district 310. District 310 in South Fork township, in Christian county, includes the land of Charles Calloway which

is in question in this suit. He claims that it is a part of Pawnee district No. 188 by virtue of its annexation to that district through proceedings in April and May, 1927, instituted by petitions filed, followed by elections, all in accordance with sections 94, 95 and 96 of the School law as revised in 1909. (Laws of 1909, pp. 368, 369.) These sections were all amended in 1917 and in their place were substituted provisions relating only to non-high school districts, providing no method of annexation in place of that repealed. (Laws of 1917, pp. 742, 743.)

The abstract shows that the People introduced the evidence required to establish a *prima facie* case, and no claim is made to the contrary. It devolved upon the objector to prove some valid objection to the tax. It is well established that upon an application for judgment against real estate for taxes levied by a municipal or quasi-municipal corporation the validity of the organization cannot be inquired into. (*Trumbo* v. *People*, 75 Ill. 561; *Blake* v. *People*, 109 id. 504; *People* v. *Dyer*, 205 id. 575; *People* v. *Pederson*, 220 id. 554; *People* v. *Bowman*, 247 id. 276; *People* v. *Illinois Central Railroad Co.* 267 id. 469.) The same rule applies in the case of a bill in equity against public officers for an injunction to restrain the extension or collection of taxes. In neither case can the land owner or tax-payer in a controversy over taxes raise the question of the corporate organization of the municipality. It has, however, been held that the question whether the property of the objector has been lawfully annexed to the municipality is a proper question to be raised on the application of the county collector for judgment for municipal taxes against the property. (*Murray* v. *City of Virginia*, 91 Ill. 558; *People* v. *Hausen*, 276 id. 204; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 231 id. 463; *People* v. *Welch*, 252 id. 167; *People* v. *Stewart*, 281 id. 365; *People* v. *Dunn*, 247 id. 410.) This latter rule, however, was in *People* v. *McKinnie*, 277 Ill. 342, held to be limited to the first attempt of

the municipality to extend its power over the annexed territory. That case was an application by the county collector for judgment against lands of the appellant, to which she objected that her lands were not within the corporate limits. The making of the plat and the passing of the resolution of the city council approving it and including the lands described in the plat within the corporate limits of the city, the recording of the plat, with the certificate of the mayor and city clerk that it had been approved by the city council, all occurred in 1904, and from that time for many years the city had exercised its corporate powers over the land by lighting and improving the streets. The city was exercising its franchise as a city over the lands in addition, and it was held that the question whether the lands had been legally annexed could not be raised in the application for judgment for the special assessment. The cases of *People* v. *Hausen, supra,* and *Murray* v. *City of Virginia, supra,* were examined, and it was found that in each case the levy of the tax was the first effort to exercise the corporate franchise over the territory. It was again announced that the question whether the lands had been annexed could not be raised in the application for judgment for the special assessment but could only be tried in a proceeding by *quo warranto* in the name of the People, in which a judgment will be binding and conclusive upon all.

"This court has held in a number of cases that the legality of proceedings by which additional territory is added to a municipality cannot be inquired into except upon a direct proceeding by *quo warranto,* and will not be determined upon a bill in equity or by objections to a tax which has been levied by the municipality upon the property in such added territory." (*People* v. *York,* 247 Ill. 591.) That case was an application by a county collector for judgment for a special assessment. *Board of Education* v. *Thorp,* 336 Ill. 227, was a bill in equity involving a controversy between two community high school districts as to their ju-

·risdiction over certain territory which was detached from one of the districts and added to another by the *ex-officio* board attempted to be created by sections 91*a* and 91*b,* which were added to the School law by the General Assembly in 1927. (Laws of 1927, p. 839.) This act was held unconstitutional in *People* v. *Rathje,* 333 Ill. 304, and the district from which the territory was taken filed its bill against the district to which it was added, for an injunction to restrain the district from exercising jurisdiction and control over the disputed territory and the county clerk from including that territory as a part of the territory of the district to which it had been added and require him to include the same as a part of the other district. The decree of the circuit court granting the relief was reversed on the ground that the controversy was not within the jurisdiction of a court of equity, but that the question which of the two districts had the right to exercise the powers of a community high school district over the territory in question was determinable exclusively by *quo warranto.* The case of *Manchester School District* v. *Murrayville School District,* 309 Ill. 403, was another case of the same character, in which one school district filed a bill against another to enjoin the latter from the exercise of jurisdiction over certain territory over which both districts claimed jurisdiction, and it was again held that a court of equity had no jurisdiction of the subject matter of such an inquiry but that the exclusive means of determining such question is *quo warranto.*

In *People* v. *Illinois Central Railroad Co.* 282 Ill. 29, the railroad of the appellant extended through two sections of land which high school district No. 203 claimed to be embraced within its territory and high school district No. 125 also claimed to be embraced within its territory. Each district levied taxes which were extended against the railroad right of way in both sections, and the county collector applied for judgment for the taxes of both districts. It was shown on the trial that both districts had taxed the

same property for the same purpose, and this was considered sufficient to defeat the claim for judgment for either school district tax.

It is apparent from a consideration of the cases which have been cited, that in spite of the earlier decisions under which the question whether property of an objector has been lawfully annexed to a municipality was held proper to be raised on the application of the county collector for judgment for municipal taxes against the property, the doctrine has been modified by later decisions so as to restrict the exception indicated by the former decisions to the general rule to the single case in which the municipality is making its first attempt to extend its corporate franchise over the territory. In any other case, when the fact appears that there is a controversy about the right of the municipality to exercise its corporate franchise over the territory in question, the county court is without jurisdiction to decide that question. Therefore it cannot proceed to judgment in the case. The People may have made a *prima facie* case, but in the absence of jurisdiction of the municipality over the land the levy of the tax does not affect the land. The court being without jurisdiction to decide this question ought not to render judgment against the land owner with the question undetermined, and thus perhaps fix a liability upon the land for which it is not legally bound. On the other hand, it ought not to render a judgment in his favor and thus perhaps discharge the land from a liability to which it is lawfully subject. In *People* v. *Illinois Central Railroad Co.* 282 Ill. 29, it was held that because it could not be determined in the proceeding in the county court which district was legally empowered to levy the tax the court was authorized to deny judgment for the tax of both districts. The fact of the controversy between the districts which was necessary to be decided to fix liability but whose decision was beyond the jurisdiction of the county court may have been a sufficient reason for not rendering judgment against

the defendant as to either levy at the time but it does not seem adequate to justify a judgment in favor of the defendant as to both levies or as to either when clearly it was liable to one. If the tax had been an ordinary debt a bill of interpleader would lie, but the question on which liability to the one or the other district turned being one of which a court of equity had no jurisdiction, such a bill would not lie.

In our opinion it was error to render judgment against the appellant and it would also have been error to render judgment sustaining the objection, but the proper judgment would have been to dismiss the application without prejudice to a further application, thus reserving to the parties the right to take such further action as they may deem best. The judgment is reversed and the cause remanded, with directions to enter such a judgment.

*Reversed and remanded, with directions.*