# WILLIAM BORTHWICK, TAX COMMISSIONER OF THE TERRITORY OF HAWAII, *v.* VICTOR J. VEATCH.

## No. 2690.

SUBMITTED JULY 8, 1948.                    DECIDED JULY 30, 1948.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY KEMP, C. J.

This is an appeal on points of law from a decision and judgment entered against Victor J. Veatch (hereinafter referred to as defendant), in favor of William Borthwick, tax commissioner of the Territory of Hawaii (hereinafter referred to as plaintiff), by the district magistrate of the district of Ewa, City and County of Honolulu, Territory of Hawaii.

The plaintiff instituted the suit in the district court of Ewa alleging that the defendant is in the Ewa district and within the jurisdiction of the above-entitled court and that he is "indebted to the Territory of Hawaii for compensation and dividend taxes, pursuant to Chapter 98 of the Revised Laws of Hawaii 1945, as amended, * * * together with penalties and interest thereon * * *" for the years 1944, 1945 and 1946.

The statute, chapter 98, Revised Laws of Hawaii 1945, which imposes the tax here involved, is entitled "COMPENSATION AND DIVIDENDS TAX LAW" and comprises sections 5341 to 5359 of said Revised Laws, both sections included. Such of its provisions as are pertinent to the issues here involved may be summarized as follows: It imposes a tax of two per cent upon all compensation received by every person with the exception of (1) compensation paid out of funds appropriated for the relief of unemployment, (2) paid out of public welfare funds,

(3) paid to employees in the county of Kalawao, (4) paid as a pension for past service, and (5) compensation received from the United States by members of the United States Army, Navy, Marine Corps and Coast Guard on active service. (§ 5344.) Said statute defines "compensation" as including salaries "paid for or attributable to personal services performed within the Territory received by an individual * * *." (§ 5342.)

The defendant demurred to the complaint alleging sixteen grounds, as follows: `

"I.

"The Defendant, being employed at Hickam Field, does not receive compensation for 'personal services performed *within the Territory*' within the meaning of Sec. 5342 R. L. H. 1945, and hence is not subject to the Compensation and Dividends Tax Law.

"II.

"The Territory of Hawaii does not have jurisdiction over the person of federal employees living and working on military reservations to permit it to impose a tax. on compensation derived from such employment.

"III.

"The Defendant is a federal employee, living on land reserved for purposes of the United States Army and working on a military reservation, and hence is not subject to the jurisdiction of the Territory of Hawaii in connection with matters arising out of such employment.

"IV.

"The Compensation and Dividends Tax Law as applied to persons working in military establishments is unconstitutional and in violation of Clause 17 of Art. I, Sec. 8, of the Constitution of the United States which grants exclusive power of legislation over such area to the Congress of the United States.

## "V.

"A federal employee is not subject to taxation by the Territory of Hawaii on compensation received for personal services performed by him for the United States Government in the absence of specific authority or consent granted either in the Organic Act or by other Act of Congress. Nothing in the Organic Act for the Territory of Hawaii, nor any other act of the Congress of the United States *specifically grants* unto the Territory such power of taxation.

## "VI.

"The taxation by the Territory of Hawaii of the compensation of federal employees living on military reservations is not a 'rightful subject of legislation' within the meaning of Section 55 of the Organic Act for the Territory of Hawaii.

## "VII.

"The imposition of a tax on the compensation of federal employees working and living within areas reserved for military or naval purposes works an undue burden on the Government of the United States.

## "VIII.

"The provision in the Compensation and Dividends Tax Law exempting members of the Armed Forces on active duty renders said act unconstitutional on the following grounds:

"a. It grants special privileges and immunities to individuals without the same having been approved by Congress, as is required by Sec. 55 of the Organic Act.

"b. It is discriminatory in that it exempts members of the Armed Forces on active duty but does not exempt federal employees living and working on military or naval reservations or areas reserved for purposes of the army or navy of the United States.

192

"IX.

"That said tax law is discriminatory in that it sub' cts Defendant, as a federal employee, to the penalty of ine and imprisonment, to which employees of private per. ..as are not subjected.

"X.

"That said tax law is discriminatory in that it sub-jects Defendant, as a federal employee, to the burden. of filing returns while employees of private persons are not so burdened; and in that Defendant's employer ( he United States) is not required to make deductions on account of said tax, while employers of private per. )ns are so required.

"XI.

"That under said tax law the Defendant is deprived of property without due process of law in violation of the 5th Amendment to the Constitution of the United States in that he is taxed upon compensation, a portion of which he never actually receives; his gross compensation being first subject to deduction for federal income withholding taxes.

"XII.

"That under said tax law the Defendant is deprived of property without due process of law in violation of the 5th and 14th Amendments to the Constitution of, the United States in that said tax is imposed without regard to whether or not the tax payer is already so subject to taxation by the state of his domicile.

"XIII.

"That under said tax law the Defendant is deprived of property without due process of law in violation of the 5th and 14th amendments to the Constitution of the United States in that the rate of said tax is discrimina ory —salaried persons being subject to a 2% tax, while persons engaged in businesses, professions, or as wholesa lers,

manufacturers, producers, etc. are subject to a tax at a lesser rate.

## "XIV.

"That under said tax law the Defendant is deprived of property without due process of law in violation of the 5th and 14th amendments to the Constitution of the United States in the following respect:

"Said tax law is imposed in co-ordination with the income tax law and credit up to 75% paid under said tax law is credited as against the amount due under said Income Tax Law, certain personal exemptions being allowed under said Income Tax Law—but no provision is made for the return to taxpayer of any monies he may have paid in excess of that due under the Income Tax Law after giving credit for the personal exemptions that are allowed—thus in effect imposing a higher tax rate on the low income bracket taxpayer.

## "XV.

"That under said tax law the Defendant is deprived of property without due process of law in violation of the 5th and 14th amendments to the Constitution of the United States in that said tax is oppressive and carries an unfair share of the entire tax load of the Territory of Hawaii.

## "XVI.

"That said tax law is unconstitutional as applied to the Defendant in that it is an example of 'taxation without representation'."

The demurrer was overruled and the case was thereupon submitted upon an agreed statement of facts as follows:

"1.    That defendant VICTOR J. VEATCH, is a civilian employee of the United States Army, Hawaiian Air Material Area, working and living at Hickam Field, Oahu, Territory of Hawaii.

194

"2. That for his services as such employee of the United States Army, defendant received during the periods below stated, the following compensation:

"October to December, 1944 $601.00
"The year 1945 3,734.50
"January to September, 1946 2,414.50

"That defendant admits that the amount of taxes, penalties and interest sought to be recovered, as set forth in Paragraph III of the Complaint are correct, if any taxes are due, but that defendant denies he is subject to said Compensation and Dividends Tax Law.

"3. That the services for which such compensation was received, were performed within Hickam Field, Oahu, Territory of Hawaii.

"4. That said area at Hickam Field, wherein said defendant is employed and lives is a military reservation of the United States.

"5. That defendant is domiciled in and a citizen of the State of Colorado, and owns his own home at 444 Cooper Avenue, Colorado Springs, Colorado, and pays real estate and personal property taxes in connection therewith.

"6. That defendant has returned the compensation above set forth for taxation under the net income tax law of the State of Colorado and has paid a net income tax thereon without claiming or receiving any credit on account of his tax liabilities, if any, to the Territory of Hawaii.

"7. The major revenues received from taxation by the Territory of Hawaii for the period of time from 1943 to date are as set forth in Exhibit 'A', attached hereto and made a part hereof.

"8. That this stipulation is entered into without prejudice to the right of either party to contend that the facts herein stipulated to, or some of them, are irrelevant

and immaterial."

Exhibit "A," attached to and made a part of the agreed statement of facts, shows that for the 1945-1947 biennium the compensation and dividends tax produced approximately 17.55 million dollars out of a total from all sources of approximately 89.73 million dollars and for the 1943-1945 biennium approximately 14.52 million dollars out of a total from all sources of approximately 79.74 million dollars.

Thereafter judgment was entered against the defendant in accordance with the prayer of the plaintiff.

The defendant duly perfected an appeal to this court on points of law and the magistrate certified the appeal to this court as follows:

"Defendant is a civilian employee of the U. S. Army, living and working at Hickam Field, Oahu, Territory of Hawaii.

"A Demurrer was filed in behalf of the Defendant challenging the constitutionality of the Compensation and Dividends Tax Law as applied to persons working and living in military reservations.

"Said Demurrer was overruled; and the case tried on an Agreed Statement of Facts; which statement admitted the amounts complained of in the Complaint but challenged the applicability of said law to persons working and living on a military reservation.

"The case being submitted on the Agreed Statement of Facts, judgment was entered as hereinabove set forth.

"I further certify that the points of law involved herein are set forth in the Demurrer, in that the constitutionality of the Compensation and Dividends Tax Law is challenged by the Defendant herein on the following grounds: (Here follow the sixteen grounds of the demurrer.)

"That I ruled against the Defendent on all of said points of law, in overruling the Demurrer filed herein."

We shall first consider defendant's point V because by it he places his reliance upon the fact that nothing in the Organic Act nor any other Act of Congress *specifically* grants unto the Territory the power or authority to tax the compensation received by a federal employee for personal services performed by him for the United States.

Defendant misconceives the import of section 55 of the Organic Act, which declares that "the legislative power of the Territory shall extend to all rightful subjects of legislation * * *." The Congress thereby sought to vest the territorial legislature with "all the powers of self-government consistent with the supremacy and supervision of National authority, and with certain fundamental principles established by Congress." *Clinton* v. *Englebrecht,* 80 U. S. 434, 441. See also *Maynard* v. *Hill,* 125 U. S. 190, 204, 205; *Cope* v. *Cope,* 137 U. S. 682, 684, and *Territory* v. *O'Connor,* 41 N. W. 746, 749, where it is said: "It is too late now for the courts to hold that the territory is other than a temporary sovereign government,—temporary, in that its organic laws and its very existence are subject to the paramount will of congress, its creator; sovereign, in that its executive, legislative, and judicial powers are unlimited except by the terms of the constitution or its organic law. When congress created the temporary sovereign government of the territory, it intended to confer upon it such legislative powers as are usually exercised by sovereign states." The Territory of Hawaii is just such a sovereign. (*Kawananakoa* v. *Polyblank,* 205 U. S. 349, 353.) Unless expressly restricted, the powers conferred include the power to tax. (*W. C. Peacock & Co.* v. *Pratt,* 121 Fed. 772, 775, a case involving our own Organic Act, where it is said: "The only restriction of the powers of the territorial Legislature contained in the organic act is the provision that the 'legislative power of the territory shall extend to all rightful subjects

of legislation not inconsistent with the Constitution and laws of the United States locally applicable.' " See also *In re Yerian,* 35 Haw. 855, *aff'd,* 130 F. [2d] 786; *Kitagawa* v. *Shipman,* 31 Haw. 726, *aff'd,* 54 F. [2d] 313, *cert. denied,* 286 U. S. 543; *Com'rs of Silver Bow County* v. *Davis,* 6 Mont. 306; *Talbott* v. *Silver Bow County,* 139 U. S. 438, and 1 Cooley, Taxation [4th ed.] § 118, where it is said that "The plenary legislative power which congress possesses over territories may be exercised either by it or may be delegated to the legislature of the territory. Generally it is delegated to the territorial legislature.")

In view of the foregoing, the absence of express grant to the legislature of power to levy a particular character of tax carries no implication against the existence of the power.

The defendant's points I to IV inclusive, and VI and VII, challenge on various grounds the jurisdiction of the Territory to tax the salary of an employee of the army who resides and works on a United States military reservation. His point I is that the place where he resides and works is not within the Territory. His point II is that the Territory does not have jurisdiction over the person of a federal employee living and working on a military reservation. His point III is that the Territory is without jurisdiction in connection with matters arising out of his employment on a military reservation. His point IV is that the tax law as applied to persons working in military establishments is violative of the provisions of Article I, Section 8, of the Constitution of the United States. His point VI is that taxation by the Territory of compensation of federal employees living on military reservations is not a rightful subject of legislation within the meaning of section 55 of the Organic Act, and his point VII is that a tax on compensation of a federal employee working and living within areas reserved for military or naval purposes

works an undue burden on the Government of the United States. His principal reliance is on Article I, Section 8, of the Constitution of the United States, which provides, *inter alia,* that "The Congress shall have Power * * * To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings;—And

"To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof."

The defendant admits that Hickam Field is geographically within the territorial limits of the Territory of Hawaii but he contends that the phrase "within the Territory" as used in the Act (R. L. H. 1945, c. 98) means "within the jurisdiction of the Territory." And since, as he contends, the Territory's jurisdiction does not extend to military reservations, it is without power to tax a salary earned by an employee of the army who lives and works on a military reservation.

This court long ago and without congressional consent held that property on a United States military reservation within the Territory owned by an individual is subject to taxation by the Territory. (*Cassels* v. *Wilder,* 23 Haw. 61.) This court also long ago held that the territorial district courts have jurisdiction of misdemeanors committed on land reserved for naval purposes. (*Territory* v. *Carter,* 19 Haw. 198.) In 1938 Congress enacted the

Public Salary Tax Act (53 Stat. pt. 2, c. 59, § 4, p. 575), whereby the United States consented to the taxing of compensation received by officers and employees of the United States or of any agency or instrumentality thereof, as follows: "Sec. 4. The United States hereby consents to the taxation of compensation, received after December 31, 1938, for personal service as an officer or employee of the United States, any Territory or possession or political subdivision thereof, the District of Columbia, or any agency or instrumentality of any one or more of the foregoing, by any duly constituted taxing authority having jurisdiction to tax such compensation, if such taxation does not discriminate against such officer or employee because of the source of such compensation."

Thereafter, on the authority of *Van Allen* v. *The Assessors,* 70 U. S. 573, 585, and *Graves* v. *N. Y. ex rel. O'Keefe,* 306 U. S. 466, 478, this court held that the authority of Congress to consent for the United States to taxation of compensation received by officers and employees of the United States or any agency or instrumentality thereof is unquestionable, and that holding was affirmed by the Ninth Circuit Court of Appeals. (*In re Yerian, supra.*) None of the foregoing cases are direct authority on the exact question posed by the points now under consideration, namely, whether or not the Territory is authorized to tax the salary of an employee of the army who resides and works on a United States military reservation. They are however persuasive. Be that as it may, on October 9, 1940, the Congress recognized the jurisdictional claim of the Territory over areas owned and occupied by the United States, especially for taxation purposes, by enacting Public 819. (54 Stat. c. 787, p. 1059.) Public 819 has been re-enacted as part of Title 4 of the United States Code by the Act of July 30, 1947 (61 Stat. c. 389) and is now officially sections 105-110, inclusive, of Title 4

of the United States Code.

The pertinent part of said Act follows: "(a) No person shall be relieved from liability for any income tax levied by any State or by any duly constituted taxing authority therein, having jurisdiction to levy such a tax, by reason of his residing within a Federal area or receiving income from transactions occurring or services performed in such area; and such State, or taxing authority shall have full jurisdiction and power to levy and collect such tax in any Federal area within such State to the same extent and with the same effect as though such area was not a Federal area.

"(b) The provisions of subsection (a) shall be applicable only with respect to income or receipts received after December 31, 1940." (U. S. Code, Tit. 4, §§ 106a, 106b.)

Said Act defines the term "State" as including any Territory or possession of the United States and the term "income tax" as a tax levied on, with respect to, or measured by, net income, gross income, or gross receipts. (U. S. Code, Tit. 4, § 110.)

It seems clear that the above Act was expressly designed to express the consent of the United States to the levy by the States and Territories of just such a tax as the one here involved against persons residing and employed just as the defendant resides and is employed, and that the Congress had authority to so consent for the United States.

Defendant's point VIII is that the provision of the Act exempting members of the armed forces on active duty from the tax renders said Act unconstitutional in that (a) it grants special privileges and immunities to individuals without approval of Congress, and (b) that it is discriminatory in that it does not also exempt federal employees living and working on military or naval reserva-

tions. His point IX is that said Act is discriminatory in that it subjects him as a federal employee to the penalty of fine and imprisonment, to which employees of private persons are not subjected, and his point X is that said Act is discriminatory in that it subjects him as a federal employee to the burden of filing returns while employees of private persons are not so burdened.

All of said points VIII, IX and X were considered and rejected by this court and by the Ninth Circuit Court of Appeals in the *Yerian* case, *supra*. The only factual difference between this case and the *Yerian* case is that the defendant in this case lives and works on a military reservation, whereas Yerian did not. We have already rejected the defendant's claim as to the effect of the fact that he resides and works on a military reservation. We conclude that there is no merit in any one of the defendant's points VIII, IX and X.

Defendant's point XI is that because the United States taxed his compensation and withheld its tax, he never actually received that part of his compensation and that for the Territory to tax his compensation without deducting the amount thereof withheld by the United States deprives him of property without due process of law.

By paragraph 2 of the agreed statement of facts, upon which the case was tried in the district court, the defendant has admitted that the amount of taxes, penalties and interest sought to be recovered as set forth in the complaint are correct if any taxes are due. His point XI does not therefore involve a point of law ruled upon by the district magistrate and is not therefore properly before us on this appeal.

However, we choose to consider defendant's argument, but in doing so we need do no more than refer to *Old Colony Tr. Co.* v. *Comm'r Int. Rev.*, 279 U. S. 716, 729, in which it was held that where the taxpayer acquiesced in

the payment of his taxes by his employer it is "immaterial that the taxes were directly paid over to the Government," and that the tax paid by the employer for the employee was income of the employee.

By his point XII defendant claims exemption from the tax because his permanent domicile is elsewhere than Hawaii. He argues that he is deprived of property without due process of law in that said tax is imposed without regard to whether or not the taxpayer is already so subject to taxation by the State of his domicile. His point XVI is that the tax as applied to him is an example of "taxation without representation." The substance of the agreed statement of facts on these points is that the defendant is domiciled in and is a citizen of the State of Colorado; that he owns a home in said State and pays real and personal property taxes in said State; that he has returned the compensation herein sought to be taxed for taxation under the net income-tax law of the State of Colorado and has paid a net income tax thereon without claiming or receiving any credit on account of his tax liabilities, if any, in the Territory of Hawaii. The income tax law of the State of Colorado is not made a part of the agreed statement of facts. We do not know whether or not under its terms the defendant was required to pay an income tax upon the compensation received by him for personal services performed within the Territory of Hawaii. As far as we know, his inclusion of his Hawaii salary was voluntary and that he was not under any such liability.

Defendant cites no authority in support of his argument on either of these points, and plaintiff rests its case thereon by citing *In re Yerian, supra*. In the *Yerian* case the tax in question had been imposed upon compensation received by the taxpayer for personal services performed by him within the Territory. No compensation for per-

sonal services performed by the taxpayer elsewhere was involved but enough was said in that case to support the conclusion that the tax was inapplicable to compensation earned by the taxpayer elsewhere than in Hawaii. So that if the provisions of the income-tax law of the State of Colorado are similar in terms to our tax law compensation for personal services performed in Hawaii would not be subject to taxation in Colorado and payment of a tax thereon to the State of Colorado would be a voluntary act of the taxpayer and would have no effect upon his liability to Hawaii for the tax in question. The mere fact that the taxpayer in the instant case paid an income tax to the State of Colorado upon compensation received by him and subject to taxation under the laws of Hawaii is not evidence that the taxpayer was legally liable for the payment of such income tax under the laws of the State of Colorado. The voluntary payment of taxes for which a taxpayer is not liable does not make the payment of taxes for which he is liable double taxation. (*The People* v. *Calloway*, 344 Ill. 488, 176 N. E. 912.)

Defendant's points XIII, XIV and XV may be considered together. His point XIII is that he is deprived of property without due process of law, in that said tax is discriminatory—salaried persons being subject to a two per cent tax, while persons engaged in business and the professions are subject to a tax at a lesser rate.

His point XIV is that he is deprived of property without due process of law, in that no provision is made for refunding to the taxpayer the excess over the amount due under the net income-tax law paid on account of the two per cent tax on salaries, and is arbitrary, discriminatory and confiscatory.

His point XV is that he is deprived of property without due process of law, in that said tax is oppressive and carries an unfair share of the entire tax load of the

204

Territory.

Defendant's argument that the two per cent tax on compensation, imposed by chapter 98, Revised Laws of Hawaii 1945, is discriminatory because those in business and the professions are subject to a lower rate under the excise tax law, chapter 101, Revised Laws of Hawaii 1945, is not tenable. He fails to point out that those in business and the professions are additionally subject to the net income tax imposed by chapter 102, Revised Laws of Hawaii 1945, without any credit for the gross income tax paid under chapter 101, while employees do receive credit against their net income-tax liability under chapter 102, to the extent of seventy-five per cent of the tax paid under chapter 98. (§ 5504, R. L. H. 1945.)

The foregoing also answers defendant's point XIV and rejects his argument thereon.

The sustaining of the objection that the defendant voices by his assertion in his point XV that an unfair share of the tax revenues of the Territory is derived from the two per cent tax on wages, salaries and dividends would unduly restrict the classification of objects for taxation purposes.

To tax wages and salaries in one class and business and professions in another is reasonable classification. (*Dole* v. *Philadelphia et al.,* 337 Pa. 375, 11 A. [2d] 163.) That being so, different rates of tax may be imposed; this is a commonplace of taxation and constitutional law. (*Nashville, C. & St. L. Ry.* v. *Browning,* 310 U. S. 362, 368, 369.)

The judgment is affirmed.

*H. M. Greenstein* for defendant-appellant.

*R. V. Lewis,* Assistant Attorney General (*W. D. Ackerman, Jr.,* Attorney General, with her on the brief, for plaintiff-appellee.