ALBERT B. OGLE *et al.* Plaintiffs in Error, *vs.* CITY OF BELLEVILLE *et al.* Defendants in Error.

*Opinion filed February 19, 1909.*

INJUNCTION—*when question of legality of annexation cannot be inquired into.* The question of the legality of an annexation of territory by a municipal corporation cannot be inquired into in a collateral proceeding for an injunction to restrain the alleged illegal expenditure of the public money in the annexed territory and to require restitution of that already expended.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding.

WINKELMANN & OGLE, for plaintiffs in error.

A. H. BAER, for defendants in error.

Per CURIAM: Albert B. Ogle and James Mitchell, describing themselves as property owners, citizens and legal voters of the city of Belleville, filed a bill in chancery against the city of Belleville and Fred J. Kern and others, members of the city council of Belleville, to compel the defendants to restore money alleged to have been squandered by the city authorities in paying the expenses of an election to annex certain described territory to the city of Belleville. A demurrer was sustained to the bill, and the complainants having elected to stand by their bill, the same was dismissed and a decree entered against complainants for costs. Upon a writ of error being sued out of the Appellate Court for the Fourth District the decree of the circuit court was affirmed. Complainants below have sued out a writ of error from this court to the Appellate Court to bring into review in this court such judgment of the Appellate Court.

By their bill the plaintiffs in error alleged that on the 18th day of June, 1906, a petition for the annexation of certain described territory to the city of Belleville was presented to the city council of said city, and that the prayer of said petition was by said city council granted and a resolution passed submitting the question of the proposed annexation to the voters at an election to be held July 31, 1906. It is alleged in the bill that on the day fixed by the resolution such election was held and that a majority of the votes cast were in favor of such annexation, and that thereupon the city council of the city of Belleville paid out $700 of the public funds of said city to defray the expenses of holding such election. It is alleged, also, that the mayor and city council have assumed corporate jurisdiction over the territory annexed, and declare their intention and purpose to expend other public funds in the erection of a police station and in providing electric lights and other improvements for the annexed territory. The bill alleges that the

expenditure already made, as well as that now under contemplation, is wholly illegal and void, for the reason that the petition presented to the city council did not contain a majority of the names of property owners in the territory proposed to be annexed. It is alleged in the bill that a large number of persons who did sign said petition were improperly counted and considered by the mayor and city council. The bill charges that there are 902 property owners in the annexed territory and that the petition only contained the names of 191, after eliminating the names of a large number who it is alleged had no right to sign such petition.

The foregoing statement contains the substance of the bill upon which plaintiffs in error predicate their right to an injunction. It is clear, under the authorities, that plaintiffs in error have mistaken their remedy. The court is asked, in effect, to determine that the annexation proceeding is illegal and void, while the prayer of the bill is for an injunction against the illegal use of public funds, yet back of this prayer is the fundamental question whether the annexation proceeding is legal or illegal. The city of Belleville is a municipal corporation duly organized under the laws of Illinois, and there is a valid law under which territory may be legally annexed to such city. The bill shows that there has been an attempt to annex the territory in question to the city of Belleville. This being true, the question of the legality of such annexation cannot be inquired into in this collateral proceeding. (*Trumbo* v. *People,* 75 Ill. 561; *Village of Nunda* v. *Village of Chrystal Lake,* 79 id. 311; *Town of Geneva* v. *Cole,* 61 id. 397; *People* v. *Newberry,* 87 id. 41; *Alderman* v. *School Directors,* 91 id. 179; *Osborn* v. *People,* 103 id. 224; *People* v. *Pederson,* 220 id. 554.) These authorities are conclusive of the only question presented by this record.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*