THE PEOPLE *ex rel*. H. Ray Warren, County Collector, Appellant, *vs*. S. A. YORK, Appellee.

*Opinion filed December 21, 1910.*

1. MUNICIPAL CORPORATIONS—*legality of proceedings by which additional territory is added can be inquired into only by quo warranto.* The legality of proceedings by which additional territory is added to a municipality cannot be inquired into except upon a direct proceeding by *quo warranto,* and not upon a bill in equity or upon objections to a tax which has been levied by the municipality upon the property in such added territory.

2. DRAINAGE—*what cannot be availed of in defense of application for judgment of sale for assessment.* Where drainage commissioners, under section 76 of the Farm Drainage act or other sections under which districts may be organized by order of the county court, obtain jurisdiction, by notice or voluntary appearance, of a land owner, and there is a petition filed authorizing such commissioners to proceed with the organization of the district, any mere errors that may be committed in pursuance of such jurisdiction cannot be availed of in defense of an application for judgment and order of sale for an assessment levied by such commissioners.

3. SAME—*when irregularity in manner of bringing land into a district is waived.* Where commissioners of a district organized under section 76 of the Farm Drainage act discover, when they meet to classify the lands, that a certain tract has been omitted, by mistake, from the description in the petition, map and order of organization, but the land owner appears, upon notice, and objects to the classification of such lands upon the sole ground that fifteen acres are not in the water-shed drained by the ditch, the appearance and filing of objections waive prior irregularities in bringing in the land. (*Payson* v. *People,* 175 Ill. 267, distinguished.)

APPEAL from the County Court of Moultrie county; the Hon. T. N. COFER, Judge, presiding.

J. K. MARTIN, State's Attorney, MARION WATSON, and E. J. MILLER, for appellant.

F. M. HARBAUGH, for appellee.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

This is an appeal by the People from an order of the county court of Moultrie county refusing judgment for a special drainage assessment levied by the drainage commissioners of Drainage District (by user) No. 7 of the town of Lowe, in said Moultrie county, against the west half of the south-west quarter of section 13, township 15, range 6, east, which was owned by S. A. York. The drainage district was organized by the petition of three land owners, which set forth that there was a ditch already made and in existence which drained the land described in the petition and had been made by mutual agreement of the adjoining land owners, and that said ditch had become out of repair so that the lands of the proposed district were not adequately drained, and that the improvement of said ditch could not be done by mutual agreement. The district was organized under section 76 of the Farm Drainage act. Appellee, York, owned six tracts of land in this district, all of which, except the land in question, were located in section 24, township 15, range 6. Appellee's lands in section 13 were principally within the water-shed drained by the old ditch, the improvement of which was the object of the drainage district. In fact, said lands adjoined the old ditch for the distance of eighty rods, and had been connected therewith by tile drains a number of years before the formation of the present district. The particular eighty acres of land against which the assessment in question was levied were not described in the original petition for the formation of said district nor in the notices or other preliminary proceedings in relation to the formation of the

district, nor were they described in the final order of the commissioners organizing said district, which was entered on July 10, 1909. A few days after the entry of the order organizing the district, on the 28th of July, the commissioners met for the purpose of classifying the lands of the district for assessment purposes. At this meeting it was discovered that by mistake the west half of the south-west quarter of section 13, township 15, range 6, east, had been omitted in the petition, order organizing the district and the map thereof, and that the north half of the south-west quarter of section 24 had been erroneously included in the district instead of the eighty acres in section 13. Upon discovering such mistake the commissioners made the following order: "We found that a mistake had been made in the map of said drainage district in this, to-wit: The north half of the south-west quarter of section 24 is included in the map of said drainage district instead of the west half of the south-west quarter of section 13. We therefore classified the latter instead of the former, and we do hereby certify that said mistake be corrected on the map, which we have indicated by red marks, including the latter tract and excluding the former." Said order was signed by the three commissioners and dated July 28, 1909. The tract of land in question was classified at 60. The commissioners then caused proper notice to be given that they would meet on the 6th day of September, at one o'clock, at Bolinger's school house, for the purpose of hearing objections to the classification of all the lands in said district. Notice of this meeting was served upon appellee, York, and he appeared for himself and others and objected to the classification of the eighty acres in question for the reason that fifteen acres thereof were in another watershed and did not drain toward the old ditch. Other objections of appellee were interposed for other lands owned by him in the district. All of the objections of appellee and other land owners were considered and disposed of. The

247 — 38

objection of appellee that fifteen acres of the eighty in section 13 were not benefited by the proposed improvement of the old ditch was sustained by the commissioners and said fifteen acres were classified at zero. The appellee made no other or further objection to the classification of the lands against which the special assessment was levied.

Appellee's contention is that the drainage commissioners were without jurisdiction to include the eighty acres in section 13 without giving him notice and an opportunity to be heard. The county court sustained appellee's view and refused judgment for the said special assessment. Appellee concedes that the district was both a *de facto* and a *de jure* district, but he denies the power of the drainage commissioners to exercise jurisdiction over the west half of the south-west quarter of section 13. Appellant contends that the objections interposed are, in effect, an attack upon the legality of the organization of the drainage district, which cannot be questioned except by a *quo warranto* proceeding.

This court has held in a number of cases that the legality of proceedings by which additional territory is added to a municipality cannot be inquired into except upon a direct proceeding by *quo warranto,* and will not be determined upon a bill in equity or by objections to a tax which has been levied by the municipality upon the property in such added territory. Some of the cases where this principle has been announced by this court are: *Osborn* v. *People,* 103 Ill. 224; *Blake* v. *People,* 109 id. 504; *Keigwin* v. *Drainage Comrs.* 115 id. 347; *Evans* v. *Lewis,* 121 id. 478; *Bodman* v. *Lake Fork Special Drainage District,* 132 id. 439; *People* v. *Jones,* 137 id. 35; *People* v. *Dyer,* 205 id. 575; *Shanley* v *People,* 225 id. 579.

Appellee, without questioning the rule laid down in the authorities above cited and other like cases, contends that the case at bar is within the rule laid down in *Payson* v. *People,* 175 Ill. 267. That case is like the case at bar in that it was an application for judgment for a special as-

sessment levied by the Oliver and Corn Grove Drainage District. Payson, the land owner, resided in Washington, D. C. An attempt was made to organize a drainage district which included certain lands belonging to Payson, and a ditch was located on Payson's land eighty rods long, which took about four and one-half acres of his land. No notice of any kind was ever given Payson of the proceedings for the organization of the district. Apparently the first intimation the land owner had that a district had been organized affecting his land was the published notice of the delinquent assessment and notice of sale. There was no finding in the record in that case that Payson had been notified or that the court had any jurisdiction of either the person or subject matter, and the land owner had not appeared either in person or by counsel during any of the proceedings. Under that situation this court held that the orders attempting to organize said drainage district and include therein Payson's land were void for the want of jurisdiction, and that, being so void, they were subject to attack in any proceeding, collateral or otherwise, whenever they were called in question. We think that case is decided correctly both upon reason and authority. The case at bar, however, is clearly distinguishable from the *Payson case*. In this case the land owner appeared and filed objections to the classification of the identical land that is here involved. We think that his appearance and filing objections waived all prior irregularities, if any, in regard to the manner in which this tract of land was brought into the district. It is to be noted that although appellee knew on the 6th day of September, when the commissioners met to hear objections to the classification, that this tract of land was included in said district and was being assessed, yet he raised no objection at that time as to the method by which such tract had been included in the district. His sole objection then was that there were fifteen acres of said eighty-acre tract that were not benefited by the proposed

improvement of the old drainage ditch. Appellee admits in his testimony that he learned on the 6th day of September that this eighty-acre tract was included in the district. There is a clear distinction between the case at bar and the *Payson case,* where the record shows an utter failure of the drainage commissioners to obtain jurisdiction of the land owner.

Where the drainage commissioners, under section 76, obtain jurisdiction, by notice or voluntary appearance, of the land owner, and there is a petition filed authorizing such commissioners to proceed with the organization of the district, any mere errors that may be committed in pursuance of such jurisdiction cannot be availed of in defense of an application for judgment for an assessment levied by such commissioners. The same rule applies to the organization of districts which are organized by order of the county court under other sections of the Farm Drainage law.

We are of the opinion that, regardless of anterior proceedings, the drainage commissioners obtained jurisdiction of the land in question and the person of the owner by the voluntary appearance of the owner and the filing of objections to the classification; that such jurisdiction having attached, irregularities or errors in regard to the manner in which this land was attached to the district are not available as objections to the rendition of judgment for a special assessment levied against such lands. It follows from what we have said that the county court erred in sustaining objections of appellee.

The judgment of the county court will be reversed and the cause remanded.   *Reversed and remanded.*