THE VILLAGE OF ARLINGTON HEIGHTS et al., Plaintiffs-Appellants, v. COUNTY OF COOK et al., Defendants-Appellees.

(No. 54718; ▮▮▮▮▮▮▮▮

First District—July 14, 1971.

*Rehearing denied September 9, 1971.*

Jack M. Siegel, of Chicago, for appellants.

Edward V. Hanrahan, State's Attorney, and Fleck & Pollack, both of Chicago, (Daniel P. Coman and James A. Rooney, Assistant State's Attorneys, and Charles J. Fleck, of counsel,) for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal arising from an order of the Circuit Court of Cook County dismissing an amended complaint for declaratory judgment and for an injunction instituted by plaintiffs, Village of Arlington Heights, and others, alleging the rezoning of certain property by the County of Cook in an unincorporated area contiguous to the Village was invalid, illegal and unconstitutional. The original and amended complaint also sought to restain defendant owners from subdividing the property without receiving prior approval from the Village.

On appeal the following are the issues raised: Do municipal corporations and their officials have any power or authority, express or implied, under the State statutes, to challenge and attack express authority of a county rezoning unincorporated territory contiguous to the village? Do allegations by a village of grievances and procedural defects in the zoning actions of the county, in a complaint against a county, give the village implied power or authority, under the State statutes, to bring an action against a county?

The facts may be summarized from the pleadings and show that on October 9, 1967, the Cook County Zoning Board of Appeals held a public hearing at which the plaintiff, Village of Arlington Heights, appeared in opposition to the rezoning application. On January 22, 1968, the Cook County Zoning Board of Appeals recommended the application be approved, and on January 26, 1968, the County Board of Commissioners

of Cook County approved the recommendations and rezoned the property.

On January 5, 1968, the plaintiffs filed their complaint in the Circuit Court. The plaintiffs are the Village of Arlington Heights, John G. Woods, Village President of the Village of Arlington Heights, John White, John J. Walsh, Roy Bressler, Francois Palmatier, Charles O. Bennett and George Burlingame, as Village Trustees.

The defendants are the County of Cook, Herbert C. Wenske, Building Commissioner of Cook County, Bernard J. O'Brien, Zoning Administrator of Cook County, Bulk Petroleum Company, contingent purchaser of subject property, Ronald L. Bradley, owner of the subject property, and Sidney R. Olsen, Recorder of Deeds of Cook County.

The subject matter of the amended complaint involves the rezoning by the County of Cook of certain property outside the corporate limits of the Village of Arlington Heights, but contiguous to the Village, in an unincorporated area.

The Village of Arlington Heights and its elected officials allege the Village had adopted an official comprehensive plan within a mile and one-half of its corporate limits and that the official plan affects the subject property; that according to the plan the recommended classification of the subject property was for single-family dwelling use; that the Village adopted a formal resolution in opposition to the zoning classification; that the Zoning Board of Appeals recommended the rezoning notwithstanding the Village's objections; that the County did rezone said property from an R-3 single-family residence district to B-2 restricted service district; that the purported hearing by the zoning board was invalid because of various procedural errors; that the County Board failed to vote by ayes or nays upon a specific motion to adopt the rezoning ordinance or resolution; that the subject property is in all respects suitable for single-family development and the trend of development in said area is for single-family residential use; that the rezoning of the subject property would adversely affect other properties within the corporate limits of the Village, lower the taxable values of said property, injuring and damaging the Village, in that municipal revenues would suffer by reason of loss of assessed valuation and tax receipts and that it would further create traffic hazards, water hazards, sewer hazards, fire hazards, and health hazards; that the rezoning is highly detrimental to the surrounding single-family residential areas and residential uses of the Village; that the reclassification is not consistent with the public health, safety, comfort, morals and general welfare; that the rezoning is void and in violation of the Constitution of the State of Illinois and the Constitution of the United States of America; that a court of equity

should entertain that action under the constitutional right of all persons to be heard in matters in which they are wronged; that the Cook County Recorder be enjoined from recording any plat or subdivision without the approval of the Village of Arlington Heights.

The motions to strike and dismiss allege that the Village of Arlington Heights and the individually named elected officials as parties plaintiffs have no right or authority to bring the action on behalf of the residents and taxpayers of the Village of Arlington Heights against the County of Cook; that the Village lacks the statutory power to challenge the exercise of the expressly granted statutory powers of the County of Cook; that the individually named Village officials plaintiffs' residences were located approximately one and three-eighths miles to two and five-eighths miles from the subject property, and were not directly affected by the rezoning and an affidavit to this effect was attached to the motions to strike and dismiss. This affidavit was uncontroverted. Finally, that the subdivision statute does not apply, especially where no alleys, streets, sewer and water lines are being plotted or even contemplated.

After hearings were held, the court dismissed the amended complaint on October 16, 1969, and the notice of appeal was filed November 13, 1969. This case must be decided according to the law as it was at the time, under the Constitution of 1870.

This is a matter involving a zoning dispute between the Village of Arlington Heights and its officials and the County of Cook. Since the Village and County are creatures of the legislature and were organized, and are now existing, by virtue of certain described powers delegated to them by the legislature, the conflict of the Village and County necessarily must be resolved under the various powers delegated to each.

Primarily, the question involved is whether or not under the various statutes delegating powers, the Village of Arlington Heights and its officials have any power or authority to challenge or attack rezoning by the County of Cook of premises in an unincorporated area contiguous to the Village.

There are three recent cases covering the points raised in the case at bar. In the case of the *Village of Bensenville v. County of DuPage* (1961), 30 Ill.App.2d 324, the court held that municipal corporations are creatures of the State and have only those powers delegated to them by the legislature. Municipal corporations derive their existence and powers wholly from the legislature and have no inherent powers. The court said:

> "Since Municipalities have no inherent powers and derive all of their powers from the Legislature, statutes granting powers to Municipal corporations are strictly construed, and any fair and

reasonable doubt as to the existence of power must be resolved against the Municipality. *Barnard & Miller v. City*, 316 Ill. 519, 522."

In the instant case, the plaintiffs argue that the *Bensenville* case did not touch upon the procedural defects raised in the case at bar. However, in the *Bensenville* case the court said:

> " '* * * * that the recommendation of the zoning board was invalid because no such findings were made, the meetings of the board were not open to the public, no minutes of the board's proceedings were kept, and members of the board who were not present when the evidence was taken, voted favorably on the recommendation; and that the purported amendment of the ordinance rezoning the property was invalid and unconstitutional because such amendment was by resolution rather than by ordinance. Plaintiff prayed that the Court declare the meetings and recommendation of the Zoning Board ineffectual and the special use provisions and the amendment of the zoning ordinance illegal and unconstitutional, and that an injunction issue restraining the county, etc.' "

These appear to be the same points raised in the instant case. The *Bensenville* case held specifically that the Village lacked any standing whatsoever in court to attack or challenge County zoning of unincorporated territory contiguous to the Village. Procedural irregularities or not, a Village cannot bring an action against a County in a zoning dispute, lacking statutory authority to do so. The remedy of the Village is in the legislature and not in the courts. The court went on to say as to delegated powers:

> "The Village of Bensenville concedes that the General Assembly has not expressly granted Municipalities the right to attack the rezoning of land in unincorporated territory; but it contends that its right to attack the rezoning of such land contiguous to its boundary is derived from one or more of the sixteen provisions of the Revised Cities and Villages Act, viz.: Sections 8—1, 8—2, 8—5, 23—73, 23—74, 23—81, 23—88, 23—105, 40—9, 53—2, 60—2, 72—1, 74—2, 75—3, and 78—1 (ch. 24, Ill. Rev. Stat. 1959). Some of these sections confer extraterritorial powers upon municipalities for various purposes, but none of them contains any reference to zoning beyond the corporate limits."

In the case of *Village of Mount Prospect v. County of Cook* (1969), 113 Ill.App.2d 336, the court thoroughly reviewed the legislative action with respect to land planning and zoning and said:

> "We review the legislative action with respect to land use planning

and zoning to ascertain any apparent change of legislative intent since the Bensenville opinion * * *.

Plaintiff alleges that a Village plan was adopted in 1943, ch. 24, sec. 53—2, Ill. Rev. Stat. 1943, set forth certain powers which authorized a municipal plan commission to establish reasonable requirements with reference to streets, alleys and public grounds in 'unsubdivided land' situated within the Corporate limits of any contiguous territory not more than one and one-half miles beyond the Corporate limits, but not included in any municipality."

The court further said:

"As argued by plaintiff, upon adoption of a comprehensive plan by Mount Prospect, existing County zoning would pass from control of the County and await annexation of the contiguous property by the Village, as suggested in *LaSalle National Bank v. Village of Palatine* (1968), 92 Ill.App.2d 327, 236 N.E.2d 1, Mount Prospect might not succeed in annexing the contiguous property, and it would then be unable to apply its proposed zoning recommendation. The proposition argued by plaintiff would permit Mount Prospect to effectively control the zoning in, if not zone, the area theretofore zoned by the County without ever being called upon to attempt annexation."

The Illinois Supreme Court denied leave to appeal the *Mount Prospect* case.

The latest case to review the subject is *Krembs v. County of Cook* (1970), 121 Ill.App.2d 148, wherein our court followed the *Mount Prospect* case. We are convinced the law is well settled, and the joinder of the Village officials as individuals does not change the law, for the individuals have no greater rights than the Village they represent.

Plaintiffs rely upon *Township of River Vale v. Town of Orangetown*, 403 F.2d 684. The *River Vale* case involved an action for damages and declaratory relief filed by a New Jersey township against a contiguous town in New York, which had rezoned an area from residential to office park district. This case crossed state lines and was determined in the Federal court and obviously is not applicable to the case at bar.

We hold the plaintiffs had no standing and were without authority to challenge the procedure of the Cook County Zoning Board of Appeals or the County Board of Commissioners, or to litigate against the County of Cook and the other defendants in the instant case.

The trial court was correct in dismissing the amended complaint, and the order is affirmed.

Order affirmed.

ADESKO, P. J., and BURMAN, J., concur.