THE VILLAGE OF BRIDGEVIEW, *et al.*, Plaintiffs-Appellees, *v.* THE CITY OF HICKORY HILLS, *et al.*, Defendants-Appellants.

(No. 54923; )

First District—September 15, 1971.

Kozlowski & Smith, of Chicago, (Joseph J. Kozlowski and John Smith, of counsel,) for appellants.

Ancel, Stonesifer & Glink, of Chicago, (Marvin J. Glink and Ronald M. Glink, of counsel,) for appellees.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

This case involves a dispute between the Village of Bridgeview and the City of Hickory Hills as to municipal jurisdiction over a street known as South 77th Avenue. Bridgeview filed suit for ejectment and other relief, seeking to require Hickory Hills either to remove certain sanitary sewers and water mains from 77th Avenue or to supply sewer and water service to properties on the east side of 77th Avenue which it is alleged is within the corporate limits of Bridgeview. This suit was consolidated with a *mandamus* action brought against Bridgeview by owners of the property along 77th Avenue. At the conclusion of all the evidence the court on March 20, 1970 held that South 77th Avenue was within the municipal boundaries of the Village of Bridgeview and that the City of Hickory Hills, by virtue of its installation of sewer and water mains thereon, was a trespasser. The court thereupon ordered Hickory Hills to allow property owners on the east side of South 77th Avenue the use of its sewer and water facilities upon the payment of charges therefor by Bridgeview. The prayer for a writ of *mandamus* was denied and no appeal was taken by the property owners.

On appeal Hickory Hills contends that the trial court erred in holding (1) that a judgment entered in a 1950 *quo warranto* proceeding upholding Bridgeview's annexation of the disputed area is *res judicata* on the issue of municipal jurisdiction and in holding (2) that the installation

of water and sewer lines by Hickory Hills along 77th Avenue constituted a continuing trespass on property located within the Village of Bridgeview, and (3) that the Bridgeview annexations of the territory are void and unenforceable because they do not meet the essential requirement of substantial contiguity. The facts follow.

In 1956 Bridgeview passed several ordinances annexing that portion of 77th Avenue here involved and other unincorporated areas. In 1957 a group of property owners filed a petition in the county court of Cook County for the annexation to the City of Hickory Hills of certain allegedly unincorporated areas, including the same section of 77th Avenue before referred to. Upon a hearing the county court found that "said territory is not within the corporate limits of any City, Village or Municipality * * *" and ordered Hickory Hills to consider the annexation. Shortly thereafter Hickory Hills passed an ordinance purporting to annex that territory. In 1959 the State's Attorney of Cook County instituted a *quo warranto* proceeding in the superior court of Cook County challenging the Bridgeview annexation ordinances passed in 1956. The superior court of Cook County ruled in favor of Bridgeview and upheld the annexations, including the annexation of South 77th Avenue. A direct appeal by the State's Attorney to the Supreme Court of Illinois was dismissed on March 1, 1961 as "not well taken."

In 1960 Hickory Hills installed sewer lines and in 1963 it installed water mains along 77th Avenue. Bridgeview's action for ejectment and other relief was filed in 1969. Subsequently a group of property owners on 77th Avenue brought a *mandamus* action against Bridgeview seeking to compel the Village to supply them with water and sewer service. As hereinbefore stated, the ejectment and *mandamus* actions were consolidated for trial. The trial court held that the issue of municipal jurisdiction over the disputed area had been adjudicated in the 1959 *quo warranto* proceeding and that this was *res judicata*. The trial court concluded that Hickory Hills was a trespasser but denied ejectment on the ground of laches and "other general principles of equity." The court ordered Hickory Hills to allow the property owners on 77th Avenue to hook into the sewer and water lines upon the payment by Bridgeview of the charges for such services.

■■ It is contended by the City of Hickory Hills that the trial court improperly invoked the doctrine of *res judicata* since the parties in interest and the issues involved differ from those involved in the earlier *quo warranto* proceeding. We find no merit in that contention. The statute provides that in *quo warranto* proceedings, "The People of the State of Illinois shall be deemed the plaintiff * * *" (Ill. Rev. Stat. 1969, ch. 112, par. 11) and it has been held repeatedly that the legality of pro-

934

ceedings by which additional territory is added to a municipality *cannot be inquired into* except upon a direct proceeding by *quo warranto*. *People v. McKinnie*, 277 Ill. 342, 115 N.E. 526; *People v. York*, 247 Ill. 591, 93 N.E. 400; *Ogle v. City of Belleville*, 238 Ill. 389, 87 N.E. 353; *Edgewood Park #2 Home. Ass'n. v. Countryside Sanitary Dist.*, 96 Ill. App.2d 161, 237 N.E.2d 838, aff'd. in 42 Ill.2d 241; *In Re Petition to Village of Arlington Heights*, 65 Ill.App.2d 152, 212 N.E.2d 507.

■■ In the instant case the property in question was annexed by Bridgeview in 1956. The annexation was upheld in a subsequent *quo warranto* proceeding instituted by the State's Attorney of Cook County on behalf of the People of the State of Illinois. Accordingly the fact that the County Court made findings in 1957 which appear to be inconsistent with the validity of Bridgeview's 1956 annexation ordinance is of no significance, since the court lacked jurisdiction to determine the legality of the Bridgeview annexation. *People v. McKinnie, supra.* Under the doctrine of *res judicata* the *quo warranto* proceeding upholding the Bridgeview annexations is dispositive of the question of municipal jurisdiction over the disputed area in the case now before us. Since we sustain the trial court's finding that South 77th Avenue is a part of the Village of Bridgeview, the contention that the trial court erred in finding Hickory Hills a trespasser is without merit.

As to the third contention made by Hickory Hills, that the territory annexed by Bridgeview is not contiguous to the Village, that issue as well as all other issues relating to the validity of the annexation was disposed of in the *quo warranto* proceeding. The judgment is accordingly affirmed.

Judgment affirmed.

BURMAN and DIERINGER, JJ., concur.