THE VILLAGE OF ARLINGTON HEIGHTS *et al.,* Plaintiffs-Appellees, *v.* THE COUNTY OF COOK, Defendants-Appellants.

(No. 55458; )

First District—December 18, 1971.

Edward V. Hanrahan, State's Attorney, of Chicago, (David S. Cohen, Sidney Z. Karasik, Daniel P. Coman, Theodore A. Shapero and James A. Rooney, Assistant State's Attorneys, of counsel,) for appellants.

Jack M. Siegel, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This appeal arises out of a complaint by two municipalities, the Villages of Arlington Heights and Mount Prospect, co-plaintiffs, challenging the action of Cook County in reclassifying the zoning of certain land situated in an unincorporated area of Cook County contiguous to both Arlington Heights and Mount Prospect. The land in question, two side-by-side parcels, was rezoned from R-4 Single Family to R-6 Multiple Family. Named as defendants were the County of Cook, Raymond J. Welsh, Building Commissioner of Cook County, Bernard J. O'Brien, Zoning Administrator of Cook County, Sidney R. Olsen, Recorder of Deeds of Cook County, August Leo Diesterheft and Marcel Diesterheft, Peter R. La Polla, Elwin Scharringhausen, Bernard Hewitt and Albert Katz.

In the case of each parcel the County Zoning Board of Appeals, after public hearings, unanimously recommended the zoning reclassification

for Multiple Family. The County Board of Commissioners in each case unanimously adopted an ordinance making the zoning map change.

The complaint of the two villages was for a declaratory judgment and for an injunction, alleging that the rezoning of the two parcels to a General Residence district would be adverse to the interests of the two municipalities for various reasons and also alleged the invalidity of the two county ordinances which rezoned the parcels on account of certain procedural irregularities and defects in reference to the actions of the Zoning Board of Appeals: that public meetings of the Board's deliberations were not properly noticed, that no minutes of the Board's meetings were kept, that not all members who signed the findings and recommendations of the Board were present during all of the hearings of evidence, that the County Board of Commissioners failed to adopt a resolution or ordinance by a necessary vote of three-fourths of all members of the Board, that in one case the County Board of Commissioners' public meeting was not properly convoked, that no proper ordinance or resolution was adopted for the zoning changes, and that the real party in interest was not a petitioner for the proposed zoning amendment.

The portion of the complaint dealing with the reasonableness of the zoning changes was stricken by the court, but it was held that the municipalities should have standing in court to question the procedures by which the zoning ordinances were enacted and ordered the defendants to answer the allegations of the complaint dealing with the alleged procedural defects.

The defendants filed their joint answer and exhibited to the court the transcripts of proceedings of the Zoning Board of Appeals, the formal reports of the Zoning Board recommending the zoning changes in reference to the two parcels, and asked the court to take judicial notice of the journal of proceedings of the County Board in adopting the two ordinances in question.

The defendants' motion for summary judgment was then denied, but a countermotion for summary judgment in favor of the plaintiffs was allowed. The court held that the two County zoning ordinances were invalid and void on the ground that the County Zoning Board of Appeals had failed to keep minutes of its proceedings, as required by statute under the provisions of Section 3155 of Chapter 34 of the Illinois Revised Statutes.

The issues on appeal are whether a municipality has standing to challenge the procedures by which county zoning ordinances are enacted, and whether the trial court was correct in its holding that the Zoning Board failed to keep the minutes as required by law.

■■ It is now a firmly settled proposition that a municipality has no

standing or statutory authority to challenge county zoning of land located outside the municipality's corporate boundaries. *Village of Bensenville v. County of Du Page* (1961), 30 Ill.App.2d 324; *Village of Mount Prospect v. County of Cook* (1969), 113 Ill.App.2d 336; *Krembs v. County of Cook* (1970), 121 Ill.App.2d 148; *Village of Arlington Heights v. County of Cook* (1971), 273 N.E.2d 706.

In the recent *Village of Arlington Heights* case decided by this court, the same argument regarding procedural defects was made. We stated in that case:

"The *Bensenville* case held specifically that the village lacked any standing whatsoever in court to attack or challenge County zoning of unincorporated territory contiguous to the Village. Procedural irregularities or not, a Village cannot bring an action against a County in a zoning dispute, lacking statutory authority to do so. The remedy is in the legislature and not in the courts."

In view of the discussion of the same issues in the cases cited above, no further elaboration is necessary here. The plaintiffs contended in their oral argument before this court that this controversy must be decided under the new Illinois Constitution, even though tried under the Constitution of 1870, and that it is no longer necessary under the home rule provisions of the new Constitution for the legislature to make specific grants of power to municipalities to litigate questions of this nature. We find the new Constitution is not applicable to this controversy and decide the question under the Constitution of 1870.

Although it is unnecessary to reach the second issue of whether the Zoning Board failed to keep minutes required by law, a reading of the record convinces us that sufficient records were kept to comply with the statute.

For these reasons, the judgment of the Circuit Court of Cook County is reversed.

Judgment reversed.

ADESKO, P. J., and BURMAN, J., concur.