THE CITY OF CANTON, Plaintiff-Appellant, *v.* THE COUNTY OF FULTON, Defendant-Appellee.

(No. 72-194;

Third District—May 9, 1973.

William Malmgren, of Canton, for appellant.

Robert A. Downs, State's Attorney, of Lewistown, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Fulton County decreeing that the zoning ordinance of the County of Fulton takes precedence over and supersedes the zoning ordinance and regulations of the City of Canton as to land laying outside the city limits but within 1½ miles of the boundaries of the City of Canton. The action was instituted by the City of Canton for declaratory judgment.

From the record, it appears that on June 17, 1969, pursuant to statutory authority, the plaintiff City of Canton, adopted an ordinance providing for zoning of the area outside the city limits but within 1½ miles from the boundaries of the municipality and contiguous thereto. On July 14, 1969, the plaintiff adopted its official comprehensive plan encompassing the area 1½ miles contiguous with its territorial boundaries but not within the city limits. In March 1970, acting pursuant to statutory authority, defendant County of Fulton adopted a comprehensive use plan for its territory. On December 15, 1970, the County of Fulton made effective its ordinance providing for zoning of its territory, including the area 1½ miles contiguous to the territorial boundaries of the plaintiff, City of Canton. In the proceedings leading up to and culminating in the enactment of the county zoning ordinance, plaintiff City did not appear and submit in writing its proposals to defendant County for zoning of the territory contiguous to but within 1½ miles of plaintiff's boundaries. A legally sufficient notice of these proceedings was given as provided by statute. The enactment of the county zoning ordinance was approved but by a vote of less than ¾ of all of the members of its Board.

Following the adoption of the zoning ordinance by Fulton County, both the City of Canton and the County of Fulton have claimed ex-

clusive zoning jurisdiction of the territory lying outside the territorial boundaries of the plaintiff City of Canton but contiguous thereto and extending 1½ miles therefrom. The City of Canton then initiated the instant case praying that the court enter its judgment declaring whether or not the City of Canton or the defendant, County of Fulton, has sole and exclusive power to control and enforce zoning within the 1½ mile area herein referred to. The Circuit Court of Fulton County found that the zoning ordinance and regulations of the defendant, County of Fulton, were valid and effective as to the said land area and that such county ordinance takes precedence over and supersedes the zoning ordinance and regulations of the City of Canton, as to land within such 1½ mile area contiguous to the boundaries of the City of Canton but outside of the municipal limits of said city.

■■ Plaintiff City of Canton seeks reversal of such decree and contends that, because the City of Canton first adopted its zoning ordinance and comprehensive plan with respect to the 1½ mile area outside its boundary, the adoption, 9 months later, by the County of Fulton of its ordinance and comprehensive plan was ineffective, and that the City had jurisdiction of such area and the power to regulate the zoning thereof to the exclusion of the County. This contention is predicated principally upon the Cities and Villages Act provisions (Ill. Rev. Stat. 1971, ch. 24, sec. 11—13—1 and sec. 11—12—5) which preliminarily give the power to the municipality to zone not only within the corporate limits but also within contiguous territory not more than 1½ miles beyond. This power is expressly restricted as set forth in the Act. As indicated in the statement of facts, the plaintiff City of Canton adopted its comprehensive use plan pursuant to Section 11—12—5 and Section 11—12—6 to apply in the 1½ mile area under consideration.

It is noted that in ch. 34, sec. 3151 of Illinois Revised Statutes it is provided:

> "Nothing in this act shall be construed to restrict the powers granted by statute to cities * * * as to territory contiguous to but outside of the limits of such cities * * *."

It is also provided in said Statutes, ch. 24, sec. 11—13—1:

> "No municipality shall exercise any power set forth in this article outside the corporate limits thereof, if the county in which said municipality is situated has adopted [a county zoning ordinance]."

In sec. 3152 of Ch. 34, which provides the manner in which the County is to implement its power to zone, there is a provision for notice to the municipality having a zoning ordinance, and specifying that if the municipality wishes to protest it shall appear and submit in writing specific proposals as to land within the 1½ mile area. If the municipality's pro-

posals are not incorporated in the county zoning ordinance proposed to be enacted by the county board, it is provided that the county board shall not enact the proposed zoning ordinance within such 1½ mile area except by ¾ vote of all of its members.

■■ Plaintiff City of Canton did not appear and submit its proposals in writing nor was the county zoning ordinance subsequently passed by ¾ vote of all the members of the county board as we have indicated. Under sec. 3152 referred to, the county has authority to zone within the 1½ mile area of any city or village which has previously adopted a zoning ordinance only when it gives such notice of the hearing of its intent to zone within the 1½ mile area and also grants to the municipality the right to appear at the hearing and protest and submit in writing specific proposals which, if not incorporated in the ordinance, would require that the county zoning ordinance be adopted by at least ¾ vote of the county board. It is apparent, therefore, that the municipality is permitted to influence zoning within the 1½ mile area by appearing at hearings and making proposals and by protesting certain zoning changes within the 1½ mile area so as to require a ¾ vote of the county board before such proposals are adopted. It is apparent, also, on the basis of the language of the state Acts as well as the precedents to which we will refer in the course of this opinion, that the right of the municipality to zone within the 1½ mile area is subject to being divested. It is clear from the record in the present case that the City of Canton did not appear or make suggestions in writing and did not offer any proposals as to zoning within the 1½ mile area contiguous to the plaintiff's boundaries, and that the ordinance was adopted by the county board although by less than ¾ vote. From such action it is contended by the county, it could be rightfully assumed that plaintiff City of Canton did not intend to exercise any jurisdiction within the 1½ mile area and certainly there was no requirement of the ¾ vote by reason of such failure to appear in accordance with the provisions of sec. 3152.

The right of the county to control zoning within the 1½ mile area bordering the city limits and outside the municipal limits has been clearly recognized in *Village of Arlington Heights v. County of Cook* (1971), 133 Ill.App.2d 673, 273 N.E.2d 706. In the *Arlington Heights* case the court decreed specifically that the plaintiff-municipality had no proper authority to attack rezoning by the county, where the property was located in an unincorporated area within 1½ miles from the village limits. The court in that case cited *Village of Bensenville v. County of DuPage*, 30 Ill.App.2d 324, 174 N.E.2d 403 (an abstract opinion), where the court decreed that a municipal corporation could not attack or challenge county zoning of unincorporated territory contiguous to the village.

The court also cited *Village of Mount Prospect v. County of Cook,* 113 Ill.App.2d 336, 252 N.E.2d 106, in which the court specifically said that following adoption of a comprehensive plan by Mount Prospect (a municipality), the county zoning in the area would await annexation of the contiguous property by the village, as suggested in *La Salle National Bank v. Palatine,* 92 Ill.App.2d 327, 236 N.E.2d 1. It was further pointed out, however, that Mount Prospect might not succeed in annexing the contiguous property, and it would then be unable to apply its proposed zoning recommendation. County zoning was, therefore, made applicable in the area in absence of annexation by Mount Prospect. The property owner in that case had applied for and received reclassification under the county zoning ordinance, and the court there said that the village, even though it had prepared a comprehensive land use plan for the area, did not have authority to have the rezoning by the county declared void.

■■ While some of the cases referred to constitutional limitations relating to the right of the municipality to take action under the Constitution of 1870, the basic consideration in the case was an analysis of the zoning ordinances and the nature of the authority and power granted in the state Acts relating to counties and municipalities. It is clear from such analysis and from a reading of the acts, that municipalities were given the right to control proposed zoning problems within the 1½ mile radius prior to the adoption of county zoning ordinances, and that after the adoption of the county zoning ordinances, the county zoning authority was paramount within such area, subject, however, to the right of the municipality by appropriate protest to require that any such change or adoption of zoning authority was required to be legislatively enacted by not less than ¾ of the members of the county board. It was thus obviously the legislative plan to vest in the county the right to control zoning within the 1½ mile radius of the city boundaries, subject only to the specific limitation granting the municipality power by adequate protest to require the ¾ vote referred to. This pattern of vesting power in the county to control zoning in the 1½ mile area surrounding the municipality is carried out in the provisions of ch. 34, sec. 3158 (Ill. Rev. Stat. 1971, ch. 34, sec. 3158), where it is specifically provided that the municipality can protest any rezoning attempt and thereby require that any such rezoning be passed only by a ¾ vote of the county board.

■■ For the reasons set forth herein, it is clear that the Circuit Court of Fulton County properly determined that the power to zone was vested in the County of Fulton within the 1½ mile area subject only to the right of the municipality to protest promptly to require a ¾ vote as a condition of enactment of a change in or adoption of a zoning ordinance. In the situation before us, where the City of Canton contains a popula-

176

tion of approximately ⅓ of the entire County of Fulton, it is obvious that the representatives from the City of Canton alone, by appropriate negative vote, realistically, could prevent any undesired zoning within the 1½ mile radius of the city if protests were made by the municipality. The legislative plan obviously is one which gives recognition to the practical need for control of zoning by the county in areas outside municipal limits subject only to reasonable requirements relating to zoning modifications as indicated in the course of this opinion.

For the reasons stated, the order of the Circuit Court of Fulton County is affirmed.

Affirmed.

STOUDER and DIXON, JJ., concur.