THE CITY OF HICKORY HILLS, Plaintiff-Appellant, *v.* THE VILLAGE OF BRIDGEVIEW *et al.*, Defendants-Appellees.

First District (4th Division)   No. 61776

Opinion filed June 23, 1976.—Rehearing denied July 28, 1976.

John A. Smith and Joseph J. Kozlowski, both of Chicago, for appellant.

John C. Friese, of Hickory Hills, for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the judgment of the Circuit Court of Cook County dismissing the City of Hickory Hills (hereinafter called "Hickory Hills") as a party plaintiff. The court found the issues presented had been previously adjudicated and plaintiff, by reason of estoppel, was prevented from proceeding.

The issue is whether a controlling fact put at issue has been determined in a former action, thereby preventing plaintiff, by estoppel, from proceeding.

On October 15, 1969, petitioners, representing seven families living in a portion of the Village of Bridgeview (hereinafter called "Bridgeview"), which is isolated from the main body of Bridgeview by the Tri-State Tollway, filed a petition for writ of mandamus in the Circuit Court of Cook County. The petition requested Bridgeview be required to furnish a satisfactory water supply.

On September 30, 1969, Bridgeview filed a complaint against Hickory Hills requesting an order requiring Hickory Hills provide water and sewer services to the seven residents of the parcel of land in question.

On March 20, 1970, the Circuit Court of Cook County consolidated the aforesaid two cases, found Hickory Hills, by virtue of its presence of

sewer and water mains, was a trespasser on the area in question and entered an order requiring Hickory Hills to supply sewer and water services to the individual residents of the area and to their successors and assigns, upon the payment of charges by Bridgeview. Hickory Hills elected to appeal the said order, and the decision was affirmed in *Village of Bridgeview v. City of Hickory Hills* (1st Dist. 1971), 1 Ill. App. 3d 931, 274 N.E.2d 925.

On January 4, 1973, Bridgeview adopted an ordinance which rezoned a parcel of the isolated land from an Industrial to a Residential district.

On January 3, 1974, Bridgeview adopted an ordinance which authorized a planned unit development as a special use for defendant Bergquist.

Bergquist proposes to develop the property with six high-density, multistory buildings containing approximately 150 condominium units. In order to develop the 150-unit complex, Bergquist and Bridgeview will have to utilize, and be solely dependent upon, the water supply system, the sewer system and the drainage system of Hickory Hills.

On April 24, 1974, Hickory Hills filed a complaint in the Circuit Court of Cook County seeking a declaratory judgment and an injunction. This complaint attacks the validity of the rezoning ordinance adopted by Bridgeview granting Bergquist the right to construct multistory buildings in the area.

Motions to strike the complaint of Hickory Hills were filed by defendants Bridgeview and Bergquist.

On September 4, 1974, the Circuit Court of Cook County issued a memorandum opinion, whereby the trial judge suggested the claim of "special damages" alleged in the complaint should perhaps be more specific.

On October 5, 1974, pursuant to leave of court, Hickory Hills filed an amended complaint. On November 15, 1974, a motion to strike and dismiss the amended complaint was filed by defendants Bergquist and Bridgeview.

On December 16, 1974, the Circuit Court of Cook County sustained the motion to strike and dismiss the amended complaint as to Hickory Hills, with the express finding by the trial judge the subject matter of Hickory Hills' amended complaint was previously decided by the circuit court, and the decision was affirmed by the Illinois Appellate Court. Hickory Hills was barred from asserting its cause of action and therefrom appeals.

The rule in Illinois is: estoppel applies in a second proceeding whenever a controlling question material and conclusive to the determination of both causes had been adjudicated in the former suit, irrespective of whether the cause of action is the same in both suits or not. This rule,

along with the general rules of bar and estoppel, was stated in *Hoffman v. Hoffman* (1928), 330 Ill. 413, 417, 161 N.E. 723, and repeated in *Smith v. Bishop* (1962), 26 Ill. 2d 434, 436-37, 187 N.E.2d 217, as follows:

"Where a former adjudication is relied upon as an absolute bar, there must be, as between the actions, identity of parties, of subject matter and of cause of action. When the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. Where some controlling fact or question material to the determination of both causes had been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties, its adjudication in the first cause will, if properly presented, be conclusive of the same question * * * whether the cause of action is the same in both suits or not. This is sometimes denominated as an estoppel by verdict."

In the case at bar a question is raised as to whether Hickory Hills owes a duty to provide water and sewer services to those residing in a certain portion of Bridgeview. This same question was previously adjudicated in favor of Bridgeview by the Circuit Court of Cook County and affirmed on appeal in *Village of Bridgeview v. City of Hickory Hills* (1st Dist. 1971), 1 Ill. App. 3d 931, 274 N.E.2d 925. In the initial suit plaintiff was mandated to furnish such services to the parties and to their successors and assigns.

We hold a question material to the determination of both causes had been adjudicated in the former suit, and such adjudication is conclusive of the same question in the later suit.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

ADESKO and BURMAN, JJ., concur.