(No. 48797.)

THE CITY OF HICKORY HILLS, Appellant, v. THE VILLAGE OF BRIDGEVIEW *et al.*, Appellees.

*Opinion filed September 20, 1977.*

Joseph J. Kozlowski and John A. Smith, of Chicago (Kozlowski & Smith, of counsel), for appellant.

No appearance for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, the city of Hickory Hills, a municipal corporation, appealed from the judgment of the circuit court of Cook County entered upon allowance of the motion of defendant, the village of Bridgeview, a municipal corporation, to strike plaintiff's complaint and dismiss it as a party plaintiff. The appellate court affirmed (39 Ill. App. 3d 902), and we granted plaintiff's petition for leave to appeal.

In the amended complaint in which a number of individuals are also named as plaintiffs, it was alleged that certain described real estate was situated within the corporate boundaries of the defendant village but separated therefrom by the Illinois Tri-State Tollway "so that Bridgeview's water and sewer services are inaccessible to the said described property and the said described real property receives water and sewer services from the City of Hickory Hills, one of the plaintiffs herein"; that the defendant village had adopted two ordinances, one of which rezoned a portion of the real estate from I—1 (limited industrial district) to R—2 (single-family residence district), while the other approved use of a portion of the real estate as a planned unit development; that a prior order of the circuit court required plaintiff "to supply

sewer and water services to the individual residences along 77th Avenue" and that the water supply, sewer, and street systems of the plaintiff city are inadequate to serve the proposed high-density development; that the proposed development "would create a serious hazard to all of the plaintiffs herein and their property and would destroy the economic value and be detrimental to and would endanger the public health, safety, morals, comfort and general welfare of the area"; that the plaintiffs "have suffered special damages, different from that suffered by the general public"; that all of the plaintiffs had filed written objections to the proposed planned unit development, but the development was approved and the ordinance adopted; that unless the defendants are enjoined from so doing, they will continue to develop the property and "plaintiffs will suffer great and irreparable damage for which they have no adequate remedy at law." The relief prayed was that the ordinance which approved the planned unit development be declared invalid and the proposed planned unit development be temporarily enjoined and, upon final hearing, permanently enjoined.

In prior litigation the circuit court of Cook County had ordered the plaintiff city to permit property owners on the east side of South 77th Avenue in the village of Bridgeview to use its sewer and water facilities upon payment by the village of the charges for such services. On appeal, the judgment was affirmed. (*Village of Bridgeview v. City of Hickory Hills,* 1 Ill. App. 3d 931.) In dismissing the city as a plaintiff in the present action the circuit court held that the amended complaint presented the identical issue of the plaintiff city's obligation to provide water and sewer services to certain residents of the defendant village that had previously been adjudicated against plaintiff and that the matter was *res judicata.* The appellate court affirmed.

Although defendant's failure to file a brief has unduly

burdened the court, we have elected to review the record and decide the case on its merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.,* 63 Ill. 2d 128.

Plaintiff contends that the principal question in this action is its legal right, "as an aggrieved party, showing a demonstratively unique impact and effect on its proprietary functions, to challenge the zoning of a contiguous municipality." It argues that the question was not adjudicated in the prior litigation and that it is not barred from asserting the cause of action alleged in its amended complaint. Although the issue as framed by plaintiff may well be the "principal question" presented, it is not the question decided by the appellate court. The decision of the appellate court is based solely on the ground that the earlier judgment barred this action. We do not agree. In order to serve as a bar there must be as between the actions not only identity of parties, but identity of the subject matter. (*Smith v. Bishop,* 26 Ill. 2d 434.) The earlier case decided which of the two municipalities had jurisdiction over South 77th Avenue and that plaintiff "owes a duty to provide water and sewer services to those residing in a certain portion of Bridgeview." (39 Ill. App. 3d 902, 904.) Those issues, however, are not raised in this cause. The question here involved is the validity of the ordinance and its effect upon plaintiff's continued obligation to make sewer and water services available. Since the validity of the ordinance here attacked was not the subject of the prior litigation, the appellate and circuit courts erred in holding that the judgment in the earlier case adjudicated the issues raised in the amended complaint.

Although the matter of plaintiff's standing does not appear to have been specifically considered by the circuit court, it merits consideration at this time. This court has not previously considered the question, but the appellate court has held that a municipality lacks statutory authority to litigate the validity of county zoning ordinances

affecting land contiguous to its boundaries. (*Village of Bensenville v. DuPage County,* 30 Ill. App. 2d 324; *Village of Mount Prospect v. County of Cook,* 113 Ill. App. 2d 336; *Krembs v. County of Cook,* 121 Ill. App. 2d 148; *Village of Arlington Heights v. County of Cook,* 133 Ill. App. 2d 673; and *Village of Arlington Heights v. County of Cook,* 3 Ill. App. 3d 213.) In *Forestview Homeowners Association, Inc. v. County of Cook,* 18 Ill. App. 3d 230, the appellate court held that the village of Northbrook had a valid governmental interest in the subject of the litigation and absent a constitutional or statutory prohibition was properly permitted to intervene in an action which involved the zoning of land outside its boundaries.

From an examination of the authorities (see Annot., 49 A.L.R.3d 1126 (1973), and cases there collected) it would appear that the general rule that "an aggrieved person" with a real interest in the subject matter of the controversy may challenge a zoning ordinance is applicable to municipal corporations. We conclude that in view of the prior litigation, and the order which requires plaintiff to supply sewer and water facilities to the area involved, plaintiff is an aggrieved person with a real interest in the subject matter of this controversy.

The judgments of the appellate and circuit courts are reversed, and the cause is remanded to the circuit court of Cook County for further proceedings consistent with this opinion.

*Judgments reversed.*